GREENBERG TRAURIG, LLP
NINA D. BOYAJIAN (SBN 246415)
*BoyajianN@gtlaw.com*
REBEKAH S. GUYON (SBN 291037)
*GuyonR@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Telephone: 310-586-7700
Facsimile: 310-586-7800

Attorneys for Defendant Retreaver, Inc.

Marc E. Hankin (SBN: 170505)
Marc@HankinPatentLaw.com
Anooj Patel (SBN: 300297)
Anooj@HankinPatentLaw.com
**HANKIN PATENT LAW, APC**
12400 Wilshire Boulevard, Suite 1265
Los Angeles, CA  90025
Tel: (310) 979-3600; Fax: (310) 979-3603

Attorneys for Plaintiff,
**ACQUISITION MANAGEMENT, INC.**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

ACQUISITION MANAGEMENT, INC.,

  Plaintiffs,

vs.

RETREAVER, INC., and DOES 1-5, inclusive,

  Defendants.

CASE NO.:  2:19-cv-06814-DSF-KS

**STIPULATED PROTECTIVE ORDER**

Hon. Karen L. Stevenson

Action Filed:  August 6, 2019

*ACTIVE46637630*

1    A.    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

B.    <u>GOOD CAUSE STATEMENT</u>

This is an action between competitors in the pay-per-call and call data analytics markets. Both parties are private companies. Accordingly, discovery of internal documents will pose unique risks to each party's business model. Further, the parties anticipate that this action is likely to involve trade secrets and other valuable research, and development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, customer and pricing lists, sales data, customer information and analytics, financial information, information regarding confidential business practices, or other confidential research, product development, marketing plans, employee information, commercial information (including information implicating privacy

*ACTIVE46637630*

rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable and necessary uses of such material in preparation for and in conducting trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. <u>DEFINITIONS</u>

2.1 <u>Action</u>: The above-referenced lawsuit, *Acquisition Management, Inc. v. Retreaver, Inc.*, Case No. 2:19-cv-06814.

2.2 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 <u>"HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement that a Designating Party claims in good faith would result in competitive injury to it if

*ACTIVE46637630*

disclosed to other Parties or Non-Parties, including but not limited to marketing analytics, customer lists, customer information, product development, technical and engineering specifications (including but not limited to computer code), formulas, or that otherwise describe the structure of software or hardware designs, trade secrets, confidential research (including market research and demographic information), the development and creation of advertising, business plans and license agreements, sales figures, revenue, personnel information, information obtained from a Non-Party pursuant to a current Nondisclosure Agreement, and other competitively sensitive information to the extent consistent with applicable law.

2.5    <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.6    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.7    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, however, an expert is not an employee or independent contractor of a Party or a Non-Party who is employed or retained outside the context of the Action.

*ACTIVE46637630*

2.9    <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12    <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or

ACTIVE46637630

compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. "Final Disposition" shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

*ACTIVE46637630*

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY") (hereinafter "The Legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix The Legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for

*ACTIVE46637630*

protection, the Producing Party also must clearly identify the protected portion(s)
(e.g., by making appropriate markings in the margins).

      (b)    for testimony given in depositions, either (a) that the Designating
Party identify the Disclosure or Discovery Material on the record, before the close
of the deposition all protected testimony, in which case the portion of the transcript
of the designated testimony shall be bound in a separate volume and marked
"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY" by the reporter, as the designating Party may direct; or (b) if it is
impractical during the deposition to identify each portion that is entitled to
protection, that a Designating Party invoke on the record a right to have up to
twenty (20) days after the reporter sends written notice to the deponent or the
deponent's Counsel that the transcript is available for review, to designate
individual portions of the transcript as Protected Material, in which case all
Counsel receiving such notice shall be responsible for marking the copies of the
designated transcript or potion thereof in their possession or control as directed by
the Designating Party or Non-Party. Pending expiration of the twenty (20) days, all
Parties and, if applicable, any Non-Party witnesses or attorneys, shall treat the
deposition transcript as if it had been designated "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY."

      (c)    for information produced in some form other than documentary and
for any other tangible items, that the Producing Party affix in a prominent place on
the exterior of the container or containers in which the information is stored The
Legend. If only a portion or portions of the information warrants protection, the
Producing Party, to the extent practicable, shall identify the protected portion(s).
Otherwise, the designation indicated in The Legend applies to all information
stored in the container.

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make every effort to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

*ACTIVE46637630*

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is necessary to disclose the information for this Action;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters and their staff;

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

10

ACTIVE46637630

agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as legal assistants (including paralegals and legal secretaries), employees of Outside Counsel of Record to whom it is necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) (subject to the limitations on disclosure of a Producing Party's Protected Materials set forth in the definition of "Experts" above), Experts (as defined in this Order) of the Receiving Party, and Professional Vendors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and to whom disclosure is necessary for this litigation.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

11

ACTIVE46637630

(b)      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.      <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)      The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as Protected Material. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

*ACTIVE46637630*

(1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    make the information requested available for inspection by the Non-Party, if requested.

(c)    If the Non-Party fails to seek a protective order from this Court within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, whether under the terms of this Order as Protected Material or as trial-preparation material, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Neither a Producing Party nor a Receiving Party is required to appeal to the Court regarding inadvertently produced materials for the materials to be protected as Protected Material under the terms of this Order.

Pursuant to Federal Rule of Evidence 502(d) and (e), the Parties agree that the disclosure of any Protected Material, or Disclosure or Discovery Material subject to a privilege or protection under any applicable law, is not waived in any other federal or state proceeding or any other context by disclosure in the Action.

12.    <u>MISCELLANEOUS</u>

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material. A Party that seeks to file under seal any Protected Material, or papers including but not limited to pleadings and memoranda of law that quote, reference, incorporate, relate to, or cite Protected Material, must comply with Civil Local Rule 79-5. Protected Material may only be

ACTIVE46637630

filed under seal pursuant to a Court order authorizing the sealing of the specific
Protected Material at issue. If a Party's request to file Protected Material under seal
is denied by the Court, then the Receiving Party may file the information in the
public record unless otherwise instructed by the Court.

13.    FINAL DISPOSITION

Upon Final Disposition of this Action, as defined in paragraph 4, each
Receiving Party must return all Protected Material to the Producing Party or
destroy such material, pursuant to the instructions of the Designating Party unless
otherwise agreed to by the Designating Party or ordered by the Court. As used in
this subdivision, "all Protected Material" includes all copies, abstracts,
compilations, summaries, and any other format reproducing or capturing any of the
Protected Materials. If no instructions are received, all Protected Materials and
papers may be destroyed 180 days after Final Disposition. When Protected
Materials or papers have been destroyed pursuant to this provision, a certificate of
destruction shall be prepared and provided to Counsel for the Designating Party
indicating that such material has been destroyed. In addition, upon Final
Disposition, Counsel of Record shall furnish copies of all signed acknowledgments
obtained in accordance with the provisions of paragraphs 7 and 10 above to all
other Counsel of Record. Following Final Disposition of this matter the protections
conferred by this Order shall remain in effect, and the persons subject to this Order
shall remain bound by their obligations of this Order, subject only to paragraph 4,
above.

Notwithstanding this provision, Counsel are entitled to retain an archival
copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal
memoranda, correspondence, deposition and trial exhibits, expert reports, attorney
work product, and consultant and expert work product, even if such materials
contain Protected Material. Any such archival copies that contain or constitute

ACTIVE46637630

Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.   Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


Dated: October 23, 2019

**GREENBERG TRAURIG, LLP**


By:   /s/ Nina D. Boyajian

   Nina D. Boyajian

Attorneys for Defendant,

**RETREAVER, INC.**

Dated: October 23, 2019

**HANKIN PATENT LAW, APC**


By:   /Marc E. Hankin/

   Marc E. Hankin

Attorneys for Plaintiff,

**ACQUISITION MANAGEMENT, INC.**


FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:_____

_____

Honorable Karen L. Stevenson

United States Magistrate Judge

ACTIVE46637630

16

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [_____] in the case of _____ *Acquisition Management, Inc. v. Retreaver, Inc.*, Case No. 2:19-cv-06814-DSF-KS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

*ACTIVE46637630*