Marc E. Hankin (SBN 170505)
Marc@hankinpatentlaw.com
Anooj Patel (SBN 300297)
Anooj@hankinpatentlaw.com
**HANKIN PATENT LAW, APC**
12400 Wilshire Boulevard, Suite 1265
Los Angeles, CA 90024
Tel: (310) 979-3600
Fax: (310) 979-3603

Attorney for PLAINTIFF,
**ACQUISITION MANAGEMENT, INC.**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACQUISITION MANAGEMENT, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>RETREAVER, INC., and DOES 1-5, inclusive,<br><br>Defendants. | Case No.: 2:19-CV-06814-DFS-KS<br><br>**PLAINTIFF ACQUISITION MANAGEMENT, INC.'S APPLICATION FOR LEAVE TO FILE UNDER SEAL CERTAIN PORTIONS OF AND EXHIBITS TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Pursuant to Local Rule 79-5.2.2(b) Plaintiff ACQUISITION MANAGEMENT ("ACQUISITION"), seeks to file under seal certain portions of its First Amended Complaint against Defendant Retreaver, Inc. ("Defendant") and an Exhibit thereto.

As set out in the attached Declaration of Marc E. Hankin, the documents sought to be filed under seal are certain portions of Acquisition's First Amended Complaint comprising Defamatory statements made by Defendant, and an Exhibit relating thereto.

Pursuant to Local Rule 79-5.2.2(a), compelling reasons exist as to why the strong presumption of public access in civil cases should be overcome in this instance. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.2006) (holding

that "[a] party seeking to seal a judicial record ... bears the burden of ... meeting the `compelling reasons' standard").

Here, the information sought to be filed Under Seal comprises Defamatory statements made by Defendant about Acquisition. Acquisition and Defendant are engaged in an industry having fierce competition, where news spreads quickly without necessarily being properly vetted. Based on the industry in which Acquisition and Defendant compete, there is a strong likelihood that if said Defamatory statements are made public record, other competitors in the industry will repeat the Defamatory statements without providing context and the Defamatory statements will spread. Additionally, it is likely that potential customers of Acquisition and Defendant may stumble upon these Defamatory statements in online searches, mistakenly believe them to be true, and further damage Acquisition's reputation.

This repetition of the Defamatory statements in the public records is likely to injure both Acquisition and Defendant. Some individuals may believe the Defamatory statements to be true, thereby harming Acquisition's reputation, and some individuals may believe the Defamatory statements to be false, thereby imputing a negative character onto Defendant. Furthermore, the only reason the public would have an interest in the Defamatory statements would be if those Defamatory statements turned out to be true, which they are not.

Acquisition notified Defendant's counsel that the First Amended Complaint will be filed under seal and they did not express any objection.

Accordingly, Acquisition respectfully requests that this Court grant Acquisition Leave to File the First Amended Complaint Under Seal.

Respectfully Submitted,      HANKIN PATENT LAW, APC

Date: October 24, 2019        /Marc E. Hankin/
                              Marc E. Hankin

PLAINTIFF'S APPLICATION FOR LEAVE TO FILE UNDER SEAL CERTAIN PORTIONS OF AND EXHIBITS TO PLAINTIFF'S FIRST AMENDED COMPLAINT - 2

Attorney for PLAINTIFF,

**ACQUISITION MANAGEMENT, INC.**