Marc E. Hankin (SBN 170505)
Marc@hankinpatentlaw.com
Anooj Patel (SBN 300297)
Anooj@hankinpatentlaw.com
**HANKIN PATENT LAW, APC**
12400 Wilshire Boulevard, Suite 1265
Los Angeles, CA 90024
Tel: (310) 979-3600
Fax: (310) 979-3603

Attorney for PLAINTIFF,
**ACQUISITION MANAGEMENT, INC.**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACQUISITION MANAGEMENT, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RETREAVER, INC., and DOES 1-5, inclusive, <br><br> Defendants. | Case No.: 2:19-CV-06814-DFS-KS <br> **REDACTED** <br> **FIRST AMENDED COMPLAINT FOR:** <br><br> **1. TRADEMARK INFRINGEMENT – 15 U.S.C. § 1114;** <br> **2. FALSE DESIGNATION OF ORIGIN – 15 U.S.C. § 1125;** <br> **3. TRADEMARK DILUTION – 15 U.S.C. § 1125(c);** <br> **4. TRADEMARK DILUTION – Cal. Bus. & Prof. Code § 14247;** <br> **5. UNFAIR COMPETITION – Cal. Bus. & Prof. Code § 17200 *et seq.*; AND** <br> **6. DEFAMATION – Cal. Civ. Code §46** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff ACQUISITION MANAGEMENT ("ACQUISITION"), by its attorneys, and for its First Amended Complaint against Defendant RETREAVER ("RETREAVER") and Does 1-5 ("Does") (collectively "Defendants"), alleges as follows:

FIRST AMENDED COMPLAINT - 1

## JURISDICTION AND VENUE

1. ACQUISITION files this action for trademark infringement, false designation of origin, and trademark dilution under the Lanham Trademark Act of 1946, 15 U.S.C. § 1051 et seq. (the "Lanham Act"), and related claims of declaratory judgment under Federal law, as well as unfair competition and trademark dilution pursuant to California law. This Court has subject matter jurisdiction over the Federal trademark infringement, false designation of origin and false advertising, and trademark dilution claims pursuant to 28 U.S.C. § 1121(a), 1331, 1338(a).

2. This Court has supplemental subject matter jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367 as those claims arise from and are related to the same set of facts as ACQUISITION's Federal claims.

3. This Court has personal jurisdiction over Defendants based on the fact that Defendants conduct business within this Judicial District, and some of the acts complained of occurred within this Judicial District.

4. This Court has personal jurisdiction over Defendants, in part, because, on information and belief, Defendants maintain an address in San Francisco, California.

5. Upon information and belief, Defendant currently maintains an office or place of business in San Francisco, California, and/or at least during the time in question did maintain an office or place of business in San Francisco, CA.

6. When Defendant's name, "Retreaver", is entered into a Google search, from a California physical location, Defendant's office in San Francisco, California is identified. A true and correct screenshot showing the search results of "Retreaver" in Google on October 21, 2019 is attached hereto as Exhibit A.

7. Defendant availed itself of the benefits of the laws and protections of the United States by consenting to jurisdiction in the United States in its Terms of Service, available on its website, until September 7, 2019.

8. Defendant amended its Terms of Service to remove references to the United States on September 7, 2019, only after first being served with the initial Complaint in

this litigation.

9. Upon information and belief, Defendant changed its Terms of Service as a direct result of this litigation in an attempt to try to avoid being subject to personal jurisdiction in the State of California.

10. A true and correct copy of Defendant's website Terms of Service prior to September 7, 2019 is attached hereto as Exhibit B.

11. A true and correct copy of Defendant's website Terms of Service after September 7, 2019 is attached hereto as Exhibit C.

12. Defendant intentionally targeted and solicited California entities located in California with which to do business.

13. Because of the facts identified in paragraphs 3-12, Defendant is subject to personal jurisdiction of this court.

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the claims asserted in this action arise out of wrongful acts by Defendants within this Judicial District and Defendants are subject to personal jurisdiction in this District at least as of the time that this litigation was commenced.

## THE PARTIES

15. Plaintiff ACQUISITION is and at all times mentioned herein was a corporation with its principal place of business located at 412 N Main St., Ste 100, Buffalo, WY 82834.

16. Upon information and belief, Defendant RETREAVER is, and at all times herein mentioned was, a corporation duly organized and existing under the laws of Canada, with its principal place of business in Toronto, Canada, that regularly conducts business in the United States, including within this State and within this Judicial District.

17. ACQUISITION is unaware of the true names and capacities of Defendants sued herein as DOES 1 through 5, inclusive, and therefore sues these Defendants by such fictitious names. ACQUISITION will further amend this First Amended Complaint to allege their true names and capacities when ascertained. ACQUISITION

is informed and believes and thereon alleges that each of the fictitiously named Does Defendants is responsible in some manner for the wrongs alleged herein, that ACQUISITION's injuries were proximately caused by such Does Defendants, and that at all relevant times each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment. These fictitiously named Does Defendants, along with the Defendants named above, are referred to collectively herein as "Defendants."

## **FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**
### **A. ACQUISITION's Trademark Rights**

18. ACQUISITION provides pay-per-call and telephone call data analytics services to many consumers across the United States and in foreign countries.

19. ACQUISITION is the owner of U.S. Trademark Registration No. 5,452,036 for RINGBA for "Cloud computing featuring software for use in sales and marketing and call centers, namely, for use in providing management, monitoring, reporting, marketing attribution, and analytics of telecommunication, Voice Over IP, SMS Messaging, call routing, pay per call tracking, affiliate programs, affiliate tracking, media buying, click arbitrage as well as compliance monitoring of publishers, advertisers and affiliates; Software as a service (SAAS) services, namely, hosting software for use by others for use in the field of sales, marketing and advertising, namely, for use in providing management, monitoring, reporting, marketing attribution, and analytics of telecommunication, Voice Over IP, SMS Messaging, call routing, pay per call tracking, affiliate programs, affiliate tracking, media buying, click arbitrage as well as compliance monitoring of publishers, advertisers and affiliates." (hereinafter the "RINGBA Mark"). The Trademark Registration Certificate of the RINGBA Mark is attached hereto as Exhibit D.

20. ACQUISITION began using the RINGBA Mark at least as early as June 10, 2015, first applied to register the RINGBA Mark with the U.S. Patent and Trademark Office ("USPTO") on September 8, 2017, and successfully Registered the RINGBA

Mark on April 24, 2018. ACQUISITION had been using the RINGBA Mark continuously in commerce since at least as early as June 10, 2015

21. During ACQUISITION's past four and a half years of continuous use, the RINGBA Mark has served as ACQUISITION's signature identifier that distinguishes and differentiates it from other pay-per-call and telephone call data analytics services in the market, which is very crowded because the technology for fast, efficient call-routing is becoming more available. ACQUISITION has used the RINGBA Mark at all times both before and since registering the RINGBA Mark in connection with its sales, promotional, and advertising efforts. Such uses include prominently featuring the RINGBA Mark at trade shows, social media, online advertisements, business cards, banners, and its website (https://www.ringba.com). ACQUISITION has spent substantial amounts of funds in connection with these efforts over the years. Examples of ACQUISITION's use of the RINGBA Mark are attached hereto as Exhibit E.

22. ACQUISITION has also used the RINGBA Mark in connection with its active involvement in informational blog posting both on its website and social media.

23. As a result of these efforts, ACQUISITION's customers and the pay-per-call and telephone call data analytics services industry in general have come to associate the RINGBA Mark exclusively with ACQUISITION and recognize ACQUISITION as an established and successful pay-per-call and telephone call data analytics services. The RINGBA Mark and the goodwill associated therewith is thus a valuable asset of ACQUISITION and a primary marker of the source and origin of ACQUISITION's services.

**B. Defendants' Actions Infringe ACQUISITION's Trademark Rights**

24. RETREAVER offers pay-per-call and telephone call data analytics services. Some of these services include analyzing inbound phone calls for information including caller location, agent matching, conversation recordation, and outcome tracking.

25. RETREAVER is a competitor of ACQUISITION.

26. www.Google.com ("Google") offers an advertising system in which advertisers bid on certain keywords in order for their clickable ads to appear in Google's search results when an individual enters those certain keywords into a Google Search. This advertising system is known as Google AdWords.

27. For a period of time unknown to ACQUISITION, RETREAVER purchased the word "RINGBA" in Google AdWords, such that when an individual would search for "RINGBA" on Google, an advertisement and/or a link to RETREAVER's Websites would be the first results the individual would be shown.

28. ACQUISITION brought RETREAVER's purchase of RINGBA in Google AdWords to Google's attention, and Google removed said purchase of RINGBA in Google AdWords by RETREAVER. Google also barred RETREAVER from future use of the RINGBA Mark in RETREAVER's purchases in Google AdWords.

29. Despite the fact that Google barred RETREAVER from using the RINGBA Mark in Google AdWords, RETREAVER continues to purchase new advertisements in Google AdWords including the term RINGBA. Attached hereto as Exhibit F is a screenshot showing the Google search results when the term RINGBA is entered.

30. In essence, RETREAVER is using the RINGBA Mark to trick consumers into visiting the RETREAVER Website when the consumer is searching for ACQUISITION's services offered under the RINGBA Mark.

31. In addition to purchasing the term RINGBA in Google Adwords, RETREAVER also directly uses the RINGBA Mark in its advertisements.

32. With the intent of deceiving consumers, RETREAVER uses the RINGBA Mark as the first word in its advertisement, and utterly fails to mention RETREAVER or its products directly in the heading of its own sponsored ads, as follows ("the Infringing Advertisement"):

> **Ringba Alternative | Trusted By Marketers**
> Ad try.retreaver.com/call-tracking/alternative ▼
> Try an alternative. Retreaver offers call tracking solution that gives you better insight. Demo Available.
> Dynamic Call Routing. 5-Star Customer Reviews. Tag, Track, & Route. Try It For Free. IVR System.
> Amenities: Caller Source & Context, Track Call Conversions, Route & Distribute Leads.

33. RETREAVER is, and was, aware that the brand awareness associated with RETREAVER and its services is not as high as those services offered under the RINGBA Mark.

34. Because, at least, of the actions taken by Google that barred RETREAVER from purchasing the term RINGBA in Google AdWords, RETREAVER knew or should have known that its use of the RINGBA Mark without permission was wrongful.

35. Upon information and belief, by RETREAVER's purchase of the term RINGBA in Google AdWords and the use of RINGBA as a primary feature of its Infringing Advertisement, RETREAVER has increased internet traffic to RETREAVER's websites, and has increased sales, by taking advantage of the substantial investments made by ACQUISITION in its RINGBA Mark and related advertising campaigns.

36. Defendants have never requested ACQUISITION's permission to use the RINGBA Mark, and ACQUISITION has never authorized Defendants to do so. As such, Defendants' use of the RINGBA Mark is in complete disregard of ACQUISITION's rights to control the RINGBA Mark.

**C. Defendant Solicited California Customers, And Intentionally Defamed ACQUISITION In The Process**

[redacted]

FIRST AMENDED COMPLAINT - 8

FIRST AMENDED COMPLAINT - 9



FIRST AMENDED COMPLAINT - 10

███

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement – 15 U.S.C. § 1114)

78. ACQUISITION incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

79. Defendants have wrongfully used and are continuing to use the RINGBA Mark to promote, market, advertise, and sell their services, which are very similar to the services offered in conjunction with the RINGBA Mark.

80. Defendants' wrongful use of the RINGBA Mark is likely to cause, has caused, and will likely continue to confuse and misdirect ACQUISITION's customers and the consuming public.  By appropriating ACQUISITION's RINGBA Mark to advertise competitive services in the same market in which ACQUISITION has done business using the RINGBA Mark for several years, it is highly likely that the public will perceive Defendants' use as authorized, sponsored, licensed, or approved by ACQUISITION, or otherwise affiliated, associated, or connected with ACQUISITION's commercial and business activities.

81. Defendants have acted with knowledge of ACQUISITION's ownership of the RINGBA Mark and with deliberate intention or willful blindness to unfairly reap the benefit of ACQUISITION's goodwill associated with the RINGBA Mark.

82. Defendants' conduct constitutes willful and exceptional trademark infringement in violation of the Lanham Act.

83. ACQUISITION is informed and believes and thereon alleges that Defendants have generated and will continue to generate substantial profits and gains to which they are not entitled in law or equity unless enjoined by this Court.

84. Defendants' conduct has injured and, unless restrained, will continue to injure ACQUISITION, causing damage to ACQUISITION in an amount to be proven at trial, as well as irreparable injury to the goodwill and reputation associated with the

RINGBA Mark. ACQUISITION has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### (False Designation of Origin– 15 U.S.C. § 1125)

85. ACQUISITION incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

86. The inherently distinctive quality of ACQUISITION's RINGBA Mark, has achieved a high level of consumer recognition and serves to identify and distinguish ACQUISITION as a business offering high-quality pay-per-call and telephone call data analytics services.

87. Defendants' use of the RINGBA Mark to promote, advertise, market, and sell their services, in the primary market for ACQUISITION - the internet - is intended and is likely to cause confusion, mistake, and deception among consumers and the public as to the source, origin, sponsorship, or affiliation of Defendants' services, and is intended, and is likely to cause consumers and the public to mistakenly believe that Defendants' services have been authorized, sponsored, licensed, or approved by ACQUISITION, or are otherwise affiliated, associated, or connected with ACQUISITION.

88. Defendants have acted in complete disregard of ACQUISITION's right to control the RINGBA Mark, and their conduct constitutes false designation of origin in violation of the Lanham Act.

89. Defendants' conduct has injured and, unless restrained, will continue to injure ACQUISITION, causing damage to ACQUISITION in an amount to be proven at trial, as well as irreparable injury to the goodwill and reputation associated with the Mark. ACQUISITION has no adequate remedy at law

## THIRD CLAIM FOR RELIEF

### (Trademark Dilution – 15 U.S.C. § 1125(c))

90. ACQUISITION incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

91. ACQUISITION has used the RINGBA Mark continuously for over four years. During this time, the RINGBA Mark, has achieved substantial public recognition among the public in the pay-per-call and telephone call data analytics marketplace and is thus "famous" within that market.

92. Defendants have used in commerce in connection with the sale of their services the protected RINGBA Mark, which is likely to cause, and likely has caused actual confusion or mistake as to the affiliation, connection, or association between Defendants and ACQUISITION, or as to the source, origin, sponsorship, or affiliation of Defendants' products and serviced by ACQUISITION.

93. ACQUISITION is informed and believes that Defendants' conduct began long after the RINGBA Mark became famous in its market and that Defendants have acted deliberately, willfully, and knowingly, with blatant disregard for the rights of ACQUISITION, as evidenced by its use of the Registered Trademark and over four years of usage.

94. Defendants' conduct has diluted and continues to dilute the unique and distinctive RINGBA Mark. Such conduct violates the Lanham Act, has injured and, unless restrained, will continue to injure ACQUISITION, causing damage to ACQUISITION in an amount to be proven at trial, as well as irreparable injury to the goodwill and reputation associated with the RINGBA Mark. ACQUISITION has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

**(Trademark Dilution – Cal. Bus. & Prof. Code § 14247)**

95. ACQUISITION incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

96. The RINGBA Mark is distinctive in the pay-per-call and telephone call data analytics market by virtue of its inherent and acquired distinctiveness, ACQUISITION's popularity, its widespread use in the market, and the extensive advertising and promotional activity ACQUISITION has conducted.

97. As a result of the inherent and acquired distinctiveness of the RINGBA Mark, ACQUISITION's popularity, its widespread use in the market, and the extensive advertising and promotional activity ACQUISITION has conducted, the RINGBA Mark has come to be widely recognized by the consuming public as the primary designation of ACQUISITION's services.

98. Defendants' conduct constitutes dilution of the RINGBA Mark and injury to ACQUISITION's business reputation in violation of California Business and Professions Code § 14247.

99. ACQUISITION is informed and believes that Defendants' conduct began long after the RINGBA Mark became famous in the pay-per-call and telephone call data analytics market and that Defendants have acted deliberately, willfully, and knowingly.

100. As a proximate result of Defendants' conduct, ACQUISITION has been damaged, and will continue to be damaged unless Defendants are enjoined under California Business and Professions Code Section 14247 from using that which is protected by the RINGBA Mark. ACQUISITION has no adequate remedy at law for said damage.

101. Defendants' conduct was and is extreme, outrageous, and was undertaken in reckless disregard of ACQUISITION's rights, as evidenced, *inter alia*, by its Registered Trademark. Such conduct supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendants and to deter them from similar conduct in the future.

## FIFTH CLAIM FOR RELIEF

**(Unfair Competition – Cal. Bus. & Prof. Code § 17200 et seq.)**

102. ACQUISITION incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

103. ACQUISITION owns and enjoys common law trademark rights to the RINGBA Mark, in addition to the rights conferred to it by virtue of U.S. Trademark Registration No. 5,452,036, throughout the United States.

104. Defendants' conduct in appropriating the RINGBA Mark, for their own use and benefit, in complete disregard of ACQUISITION's rights and at ACQUISITION's expense, is unlawful, unfair, and thus constitutes unfair competition pursuant to California Business and Professions Code § 17200.

105. As a proximate result of Defendants' conduct, ACQUISITION has been damaged, and will continue to be damaged unless Defendants are enjoined from using the RINGBA Mark. ACQUISITION has no adequate remedy at law for said damage.

106. Defendants' conduct was extreme, outrageous, and was undertaken in reckless disregard of ACQUISITION's rights. Such conduct supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendants and to deter them from similar conduct in the future.

## SIXTH CLAIM FOR RELIEF

### (Defamation)

107. ACQUISITION incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

108. Defendant made statements about ACQUISITION to California Entity.

109. California Entity reasonably understood that the statements were about ACQUISITION.



111. Defendant failed to use reasonable care to determine the truth or falsity of the statements.

112. Indeed, Defendant was aware that the statements identified in Section C

hereinabove were false.

113. Defendant's actions caused harm to ACQUISITION's business, trade, and profession.

114. Upon information and belief, Defendant has made statements similar or identical to those in Section C to other entities, of which ACQUISITION is currently unaware.

115. As a result of Defendant's defamatory actions, ACQUISITION has been forced to pay a number of expenses, including repairing its reputation with third-parties and this litigation.

116. As a proximate result of Defendants' conduct, ACQUISITION has been damaged, and will continue to be damaged unless Defendants are enjoined from defaming ACQUISITION. ACQUISITION has no adequate remedy at law for said damage.

117. Defendants' conduct was extreme, outrageous, and was undertaken in reckless disregard of ACQUISITION's rights. Such conduct supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendants and to deter them from similar conduct in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, ACQUISITION prays for judgment against Defendants as follows:

1. Granting preliminary and permanent injunctive relief restraining and enjoining Defendants, their officers, agents, employees, attorneys, and all those persons or entities in participation or concert with them from:

   (a) Using the RINGBA Mark or any other elements of the RINGBA Mark, or any confusingly similar item, to sell, offer for sale, advertise, promote, or market its services;

   (b) Engaging in any other conduct which falsely represents or has the effect of falsely representing that Defendants' services are licensed by,

                  authorized by, produced by, sponsored by, or in any other way associated with ACQUISITION;

    (c) Engaging in any other conduct which falsely represents ACQUISITION to third-parties;

    (d) Engaging in any other conduct constituting unfair competition with ACQUISITION, or acts or practices that deceive consumers or the public as to the source or origin of the RINGBA Mark or any other elements associated with the Mark;

    (e) Engaging in any other conduct that will dilute the distinctiveness and uniqueness of the RINGBA Mark;

2. Ordering Defendants to deliver to ACQUISITION for destruction and/or certify that Defendants themselves have destroyed any and all advertising, promotional, and marketing materials or the like in their possession, custody, or control that Defendants have used or have the ability in the future to use in violation of ACQUISITION's Trademark Rights;

3. Ordering Defendants to file with this Court and serve on ACQUISITION within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

4. Ordering Defendants to provide an accounting to ACQUISITION for any and all profits, gains, and advantages derived by their unlawful acts complained of herein;

5. Awarding ACQUISITION all of Defendants' profits and all damages sustained by ACQUISITION as a result of Defendants' unlawful acts complained of herein, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

6. Awarding ACQUISITION treble damages in the amount of Defendants' profits for willful and exceptional infringement pursuant to 15 U.S.C. § 1117(b);

7. Awarding attorneys' fees, as well as costs and disbursements, pursuant to 15 U.S.C. § 1117(b);

8. Awarding ACQUISITION's statutory damages pursuant to 15 U.S.C. § 1117(c);

9. A declaratory judgment declaring that Defendants are not entitled to the use of the RINGBA Mark.

10. Awarding ACQUISITION punitive and exemplary damages sufficient to penalize and make an example of Defendants and to deter them from similar such conduct in the future;

11. Such other and further relief as the Court deems just and proper.

HANKIN PATENT LAW, APC

Date: October 24, 2019     */Marc E. Hankin/*
                          Marc E. Hankin
                          Attorney for PLAINTIFF,
                          **ACQUISITION MANAGEMENT, INC.**

## DEMAND FOR JURY TRIAL

ACQUISITION hereby demands a trial by jury of all issues so triable in this action.

HANKIN PATENT LAW, APC

Date: October 24, 2019     */Marc E. Hankin/*
                          Marc E. Hankin
                          Attorney for PLAINTIFF,
                          **ACQUISITION MANAGEMENT, INC.**