GREENBERG TRAURIG, LLP
NINA D. BOYAJIAN (SBN 246415)
*BoyajianN@gtlaw.com*
REBEKAH S. GUYON (SBN 291037)
*GuyonR@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Telephone: 310-586-7700
Facsimile: 310-586-7800

Attorneys for Defendant Retreaver, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ACQUISITION MANAGEMENT, INC., <br><br>Plaintiffs, <br><br>vs. <br><br>RETREAVER, INC., and DOES 1-5, inclusive, <br><br>Defendants. | CASE NO.: 2:19-cv-06814-DSF-KS <br><br>**DEFENDANT RETREAVER, INC.'S OPPOSITION TO PLAINTIFF'S APPLICATION FOR LEAVE TO FILE UNDER SEAL** <br><br>[*Submitted without waiver of Defendant Retreaver, Inc.'s objections to personal jurisdiction before the Court*] <br><br>Hon. Dale S. Fischer <br><br>Action Filed: August 6, 2019 |

ACTIVE 46850449v1

Defendant Retreaver, Inc. ("Retreaver") submits this opposition to Plaintiff Acquisition Management, Inc.'s ("Acquisition") Application for Leave to File Under Seal Certain Portions of and Exhibits to Plaintiff's First Amended Complaint (Oct. 24, 2019), ECF No. 19 ("Application to Seal"). Retreaver submits this opposition without waiver of its objections to the Court's alleged personal jurisdiction over it.

Acquisition's Application to Seal does not comply with the local rules and misstates the material that it seeks to seal. *First*, counsel for Acquisition did not meet and confer with counsel for Retreaver before filing the Application to Seal. At 9:44 p.m. on Wednesday, October 23, 2019 (the day before Acquisition's deadline to file a first amended complaint), counsel for Acquisition informed counsel for Retreaver that Acquisition was planning to file "certain portions" of its first amended complaint "Under Seal in order to protect confidential information." Declaration of Rebekah S. Guyon, Ex. 1. Counsel for Acquisition did not request a conference to "discuss thoroughly, preferably in person, the substance of the contemplated" motion to seal, "any potential resolution" of the motion, or even identify the material that it believed was confidential and should be excluded from the public record, as C.D. Cal. R. 7-3 requires. *Id.* ¶ 2, Ex. 1. No conference of counsel occurred. *Id.*

*Second*, Acquisition's Application to Seal falsely states that the only materials it seeks to seal are alleged "Defamatory statements made by Defendant about Acquisition." Application to Seal at 2; Declaration of Marc Hankin ¶ 4 at 2 (Oct. 24, 2019), ECF No. 20. In fact, Acquisition has ***improperly redacted*** not only from the public record—but ***from the copy of Exhibit G provided to the Court and counsel for Retreaver***—(1) the identity of the alleged third-party discussing Retreaver's and Acquisition's products in the transcript; (2) the date and time of the alleged "call"; (3) the title of the call; (4) portions of dialogue throughout the transcript; and (5) other identifying information such as the Job Number. Guyon Decl. ¶ 3. These are material redactions because Acquisition appears to purport that this alleged call shows a connection between Retreaver and California (which Retreaver disputes), as Acquisition has characterized the transcript as a telephone call with

1

an *unidentified* "California Entity" in its First Amended Complaint. *E.g.*, First Amended Complaint ¶ 37. Acquisition's Proof of Service filed with the Court also falsely states that Acquisition provided the "*Unredacted* First Amended Complaint with Exhibits" to counsel for Retreaver. *See* ECF No. 21 (emphasis added). Acquisition's Application to Seal provides *no grounds* for removing the identity of a speaker in the transcript and other identifying information from the public record as required by C.D. Cal. R. 79-5.2.2(a). *See* Application to Seal. In any event, the local rules **do not allow** Acquisition to redact material information in exhibits supporting its affirmative claims for relief provided **to the Court and counsel of record**, even if grounds existed for redacting this information from the public record (which they do not).

Counsel for Retreaver has requested that counsel for Acquisition provide the unredacted Exhibit G to the First Amended Complaint on multiple occasions. Guyon Decl. ¶¶ 4-5, Exs. 2-3. Counsel for Acquisition refused to provide the unredacted Exhibit G and confirmed that he has provided only the redacted version (with the identity of the speaker and other identifying information removed) to the Court. Counsel for Retreaver asked counsel for Acquisition on what grounds Acquisition had redacted information provided to the Court and counsel of record, to which counsel for Acquisition did not respond. Guyon Decl. ¶ 4, Ex. 2.

For the foregoing reasons, Retreaver opposes Acquisition's Application to Seal to the extent Acquisition refuses to provide an unredacted Exhibit G to counsel of record for Retreaver and the Court, as required by the local rules.

Dated: October 29, 2019          Respectfully submitted,

          GREENBERG TRAURIG, LLP


          By: */s/ Nina D. Boyajian*
              Nina D. Boyajian
          Attorneys for Defendant Retreaver, Inc.

2

ACTIVE 46850449v1