GREENBERG TAURIG, LLP
NINA D. BOYAJIAN (SBN 246415)
*BoyajianN@gtlaw.com*
REBEKAH S. GUYON (SBN 291037)
*GuyonR@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Telephone: 310-586-7700
Facsimile: 310-586-7800

Attorneys for Defendant Retreaver, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ACQUISITION MANAGEMENT, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>RETREAVER, INC., and DOES 1-5, inclusive,<br><br>Defendants. | CASE NO.: 2:19-cv-06814-DSF-KS<br><br>**DECLARATION OF JASON KOLESNIKOWICZ IN SUPPORT OF RETREAVER, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(2)**<br><br>*[Notice of Motion and Motion to Dismiss; Declaration of Stan Pavlovsky; Request for Judicial Notice; Proposed Order filed concurrently]*<br><br>Hearing Date:  December 30, 2019<br>Time:  1:30 p.m.<br>Room:  Courtroom 7D<br><br>Hon. Dale S. Fischer<br><br>Action Filed: August 6, 2019<br>FAC Filed:    November 11, 2019 |

# DECLARATION OF JASON KOLESNIKOWICZ

I, Jason Kolesnikowicz, declare as follows:

1.\. I have personal knowledge of the facts set forth in this Declaration and, if called and sworn as a witness, I could and would testify competently thereto under oath. I submit this Declaration in support of Defendant Retreaver, Inc.'s Motion to Dismiss the First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

2\. I am the CEO of Defendant Retreaver, Inc. I have served in this capacity since January 2016, when Retreaver was formed. In my capacity as Retreaver's CEO, I oversee Retreaver's daily business operations, including its operations at its physical office location, sales, advertising, and all revenue that Retreaver generates. I am also directly responsible for maintaining Retreaver's business records on these matters, as I describe in the following paragraphs.

**Retreaver Has No Operations In California**

3\. Retreaver was formed on January 13, 2016 by converting an LLC named "CallPixels" into Retreaver, Inc., a C-Corporation formed under the laws of Delaware. At the time Retreaver was formed it did not have any formal office location, but was operated out of the private homes of its owners and employees, including out of my personal residence in Toronto, Canada. I did not want to publicize my personal residence, or the residences of any Retreaver employees, on any public filings associated with Retreaver. For that reason, I allowed the attorney handling the conversion to list the address of Retreaver's financial advisor, Timothy Lipton in San Francisco, California, on the Statement of Conversion. I did not realize at the time that Retreaver could have listed the address of its agent for service of process in Delaware as its address on the Statement of Conversion. Retreaver has since corrected the Statement of Conversion to list its agent for service of process as its address in January 2016. Attached hereto as **Exhibit 1** is a true and correct copy of the original Statement of Conversion that Retreaver filed on January 13, 2016 to convert CallPixels into Retreaver. Attached hereto as **Exhibit 2** is a true and

correct copy of the corrected Statement of Conversation that Retreaver filed on September 23, 2019. I know the facts set forth in this paragraph to be true because as Retreaver's CEO, I caused the original Statement of Conversion and the corrected Statement of Conversion to be filed.

4. Retreaver never conducted business out of its financial advisor's office in San Francisco, California.

5. In June 2016 Retreaver moved into formal office spaces in Toronto, Canada, located at 544 King Street West, Toronto, Ontario, M5V 1M3, Canada. In August 2018 Retreaver moved into its current location at 163 Spadina Ave., 2nd Floor, Toronto, Ontario, M5V 2L6, Canada. Retreaver has no other office locations.

6. Retreaver is a small company. Retreaver currently has only four employees, all of whom are based out of Retreaver's Toronto, Canada office.

7. Retreaver is not licensed to do business in California.

8. Retreaver has never operated an office within the State of California.

9. Retreaver has no agent for service of process in the state.

10. Retreaver has never paid California state income taxes.

11. As part of its ordinary course of business, Retreaver maintains records that evidence the locations of its customers worldwide, the total sales generated per customer, and the total sales worldwide that Retreaver has generated on an annual basis. By "customer" in this paragraph I am referring to persons or entities that have used Retreaver and resulting in Retreaver generating revenue from that use. The records that Retreaver maintains reflect that it has a total of 178 customers worldwide. Of those 178, seven, or approximately 3.9% are in California. Retreaver's records reflect that it has generated only 1.97% of its total revenue in 2019 from customers within California. The records that Retreaver maintains reflect that it generated no more than .8% of its total revenue in 2018 from customers within California.

12. After Retreaver was served with the Complaint in this lawsuit, I realized that Retreaver had not updated some terms in its Terms of Service and Privacy Policy that

applied to CallPixels (the LLC that was converted to Retreaver in 2016) but were not true of Retreaver. For example, I realized that the Terms of Service stated that lawsuits against Retreaver should be filed in Colorado (where CallPixels was located) and that Retreaver customers agreed that Delaware law would govern disputes arising out of the Terms of Service. I caused the Terms of Service to be updated on September 7, 2019 to provide that the laws of the province of Ontario, Canada (where Retreaver is located) govern any disputes arising from the Terms of Service, and users agree to file any suit relating to the Terms of Service in Ontario, Canada, among other updates to Retreaver's Terms of Service and Privacy Policy.

**The Advertisements At Issue Were Not Directed To California And Did Not Result In Any Sales in California**

13. I understand that Plaintiff Acquisition Management, Inc. has filed claims against Retreaver alleging that it purchased the Google AdWord "Ringba" and displayed an advertisement describing Retreaver as a "Ringba Alternative" in Google search results generated with the AdWord "Ringba."

14. Retreaver purchased the Google AdWord "Ringba" on or about May 13, 2019. The advertisement describing Retreaver's services as a "Ringba Alternative," seen in Exhibit F to Acquisition's First Amended Complaint, could have been visible to a person who entered the word "Ringba" in the Google search engine only from May 13, 2019 through August 16, 2019 in search engine results. I know these facts to be true because I control Retreaver's advertising campaigns using Google AdWords and on the Google search engine.

15. Retreaver generated no sales from the "Ringba Alternative" advertisement or its use of the "Ringba" AdWord.

///
///
///
///

3

16. Google Ads allows users to target their advertisements to specific geographic locations. The "Ringba Alternative" advertisement was not targeted to California. It was viewable by users of the Google search engine anywhere in the United States.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on December 2, 2019 at Toronto, Canada.

_____
Jason Kolesnikowicz