| | |
|---|---|
| 1 | GREENBERG TAURIG, LLP |
| 2 | NINA D. BOYAJIAN (SBN 246415) |
|   | *BoyajianN@gtlaw.com* |
| 3 | REBEKAH S. GUYON (SBN 291037) |
| 4 | *GuyonR@gtlaw.com* |
|   | 1840 Century Park East, Suite 1900 |
| 5 | Los Angeles, CA 90067-2121 |
| 6 | Telephone: 310-586-7700 |
|   | Facsimile: 310-586-7800 |

Attorneys for Defendant Retreaver, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ACQUISITION MANAGEMENT, INC., | CASE NO.: 2:19-cv-06814-DSF-KS |
| Plaintiff, | **NOTICE OF MOTION AND MOTION TO STRIKE EXHIBITS G AND H TO THE FIRST AMENDED COMPLAINT, THE DEFAMATION CLAIM, AND RELATED ALLEGATIONS, PURSUANT TO FED. R. CIV. P. 12(F) FOR VIOLATIONS OF CALIFORNIA PENAL CODE §§ 632 AND 637; MEMORANDUM OF POINTS AND AUTHORITIES** |
| vs. | |
| RETREAVER, INC., and DOES 1-5, inclusive, | |
| Defendants. | |
| | [*Proposed Order filed concurrently*] |
| | Hearing Date: December 30, 2019 |
| | Time: 1:30 p.m. |
| | Room: Courtroom 7D |
| | Hon. Dale S. Fischer |
| | Action Filed: August 6, 2019 |
| | FAC Filed: November 11, 2019 |

*ACTIVE 47256865*

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 30, 2019, at 1:30 p.m., in Courtroom 7D of the above-captioned Court, located at 350 West 1st Street, Los Angeles, California, Defendant Retreaver, Inc. ("Retreaver") will and hereby does respectfully move pursuant to Fed. R. Civ. P. 12(f) to strike the following from Plaintiff Acquisition Management, Inc.'s ("Acquisition") First Amended Complaint ("FAC"):

- Exhibit G, which was recorded in violation of California Penal Code section 632;
- Exhibits G and H, which were both disclosed in violation of California Penal Code section 637;
- Paragraphs 38-52, 57-65, 72, and 75 of the FAC, which contain allegations that quote from and reference Exhibits G and H; and
- Acquisition's Sixth Claim for Relief in the FAC, for Defamation, which is based entirely on Exhibits G and H.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, all pleadings and files in this matter, and upon such other and further oral or documentary evidence as may be presented to the Court at or prior to the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to Central District of California Local Rule 7-3. Counsel for the parties met and conferred to discuss the substance of Retreaver's motion on November 25, 2019. Counsel for Acquisition indicated that he would oppose the Motion.

///
///
///
///
///

1

1  Dated: December 2, 2019                Respectfully submitted,

2                                          GREENBERG TRAURIG, LLP

3

4                                          By: */s/ Nina D. Boyajian*
                                                Nina D. Boyajian
5                                               Rebekah S. Guyon
                                          Attorneys for Defendant Retreaver, Inc.

ACTIVE47256865

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................... 1

II. RELEVANT FACTS ...................................................................................... 2

III. ARGUMENT .................................................................................................. 2

    A. Rule 12(f) Standards ............................................................................ 2

    B. Exhibits G And H, Acquisition's Defamation Claim, And Related Allegations Should Be Stricken As Violative Of The California Invasion Of Privacy Act. ...................................................................... 4

        1. Exhibit G Was Recorded In Violation Of Section 632, And Exhibit G, Along With All Related Allegations And Claims, Should Be Stricken. ........................................................................ 4

        2. Exhibits G And H Were Disclosed In Violation Of Section 637, And Exhibits G And H, Along With All Related Allegations And Claims, Should Be Stricken. ........................................................... 7

IV. CONCLUSION ............................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*In re 2TheMart.com, Inc. Securities Litigation*,
   114 F. Supp. 2d 955 (C.D. Cal. 2000) ................................................................. 3, 6, 7

*Boston v. Clubcorp USA, Inc.*,
   No. CV 18-3746 PSG (SSX), 2018 WL 6927830 (C.D. Cal. Sept. 28, 2018) ............... 4

*Elk Grove Answering Serv. v. Hoggatt*,
   No. 2:10-CV-01759, 2010 WL 4723720 (E.D. Cal. Nov. 15, 2010) ............................ 7

*Fantasy, Inc. v. Fogerty*,
   984 F.2d 1524 (9th Cir. 1993) ............................................................................. 3, 6, 7

*NEI Contracting and Eng'g, Inc. v. Hanson Aggregates, Inc.*,
   No. 12-CV-1685 H (WMC), 2012 WL 12919147 (S.D.Cal. Dec. 13, 2012) ............... 6

*In re Stephenson*,
   41 F. App'x 936 (9th Cir. 2002) ..................................................................................... 7

*Taiwan Semiconductor Mfg. Co. v. Tela Innovations, Inc.*,
   No. 14-CV-00362-BLF, 2014 WL 3705350 (N.D. Cal. July 24, 2014) ........................ 3

*Thomas v. Costco Wholesale Corp.*,
   No. SACV 13-0275-DOC, 2014 WL 819396 (C.D. Cal. Mar. 3, 2014) ....................... 4

*U.S. v. Whitson*,
   587 F.2d 948 (9th Cir. 1978) ........................................................................................ 7

*Valentine v. NebuAd, Inc.*,
   804 F. Supp. 2d 1022 (N.D. Cal. 2011) ........................................................................ 4

*Vess v. Bank of Am., N.A.*,
   No. 10CV920-AJB WVG, 2012 WL 113748 (S.D. Cal. Jan. 13, 2012) ...................... 3

*Whittlestone, Inc. v. Handi-Craft Co.*,
   618 F.3d 970 (9th Cir. 2010) .................................................................................... 1, 3

*Yufa v. Met One Instruments, Inc.*,
   No. 1:08-CV-3016-CL, 2012 WL 7188851 (D.Or. Dec. 20, 2012) .............................. 3

**State Cases**

*Flanagan v. Flanagan*,
  27 Cal. 4th 766 (2002) .......................................................................................... 4

*Frio v. Superior Court*,
  203 Cal. App. 3d 1480 (Ct. App. 1988) ............................................................ 5, 6

**State Statutes**

Cal. Penal Code § 630 ............................................................................................ 1, 4

Cal. Penal Code § 632 ......................................................................................... 4, 5, 6

Cal. Penal Code § 637 ............................................................................................ 4, 7

Cal. Penal Code § 637.2 ............................................................................................. 4

**Rules**

Fed. R. Civ. P. 12(f) ............................................................................................... 3, 8

ACTIVE47256865

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Acquisition Management, Inc.'s ("Acquisition") sixth claim for relief, for defamation, is based entirely on information gleaned in blatant violation of California's Invasion of Privacy Act ("CIPA"), codified at California Penal Code § 630, *et seq*.[1] Acquisition's defamation claim draws solely from two transcripts of telephone calls, attached as Exhibits G and H to the First Amended Complaint ("FAC"). But even a cursory review of the transcripts makes clear that the telephone call transcribed in Exhibit G was recorded in violation of section 632, and that both Exhibits G and H were disclosed to Acquisition, this Court (and the public at large) in violation of section 637.

Acquisition has not alleged—nor can it—that it obtained the consent of *any* of the parties, much less *all* of the parties, to record the call, turn it over to third parties, have it transcribed, and then presented to the Court and public. Whatever the method Acquisition used to illicitly obtain these illegal call recordings, Exhibits G and H are inadmissible as violative of CIPA.

Acquisition should not be permitted to profit from its misdeeds, and Exhibits G and H, all allegations that quote from or reference these exhibits, and Acquisition's defamation claim that depends entirely on these exhibits, should be stricken. Striking these exhibits and associated allegations now will conserve judicial resources and "avoid the expenditure of time and money that [will] arise" if Retreaver is forced to litigate the propriety of these illegally obtained and disclosed call transcripts and a claim based solely on these transcripts. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) ("The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.")

---

[1] Unless otherwise noted, all statutory references are to California's Penal Code.

1

ACTIVE47256865

## II.     RELEVANT FACTS[2]

Acquisition filed its FAC on November 11, 2019, which added a claim for defamation pursuant to California state law. ECF No. 25. Attached to the FAC as Exhibits G and H are transcripts of two telephone calls, both from July of 2019. *Id*. at Exs. G and H. Multiple allegations in the FAC reference Exhibits G and H. *See id*. at ¶¶ 37-52, 57-59, 62-63, 72, 75. In fact, Acquisition's defamation claim is based entirely on Exhibits G and H. *Id*. at ¶¶ 109-119.

Exhibit G, a July 4, 2019 call, is a sales presentation and demonstration given by Stan Pavlovsky, a Retreaver employee, to an individual identified as "Oscar," a purported potential customer associated with an entity he identifies as "HPJ Holdings." *Id*. at Ex. G, 4:13-14. Exhibit H is a July 11, 2019 call, and a further sales presentation and demonstration, again given by Mr. Pavlovsky to "Oscar"; this time, an individual identified as "Brock" is also on the call. *Id*. at Ex. H, 2:7-13, 16:16-24. Acquisition itself was allegedly not a party to either of these calls. Acquisition has also not alleged—nor can it—that it obtained the consent of *any* of the parties, much less *all* of the parties, to record the call, turn it over to third parties, have it transcribed, and then presented to the Court and public. Furthermore, Acquisition has not alleged *how* it obtained these call recordings, with one potential explanation being that Acquisition itself eavesdropped on and recorded the calls itself.[3]

## III.     ARGUMENT

### A.     Rule 12(f) Standards

Rule 12(f) of the Federal Rules of Civil Procedure allows a court to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

---

[2]   The facts relevant to this Motion are summarized here; the concurrently filed Motion to Dismiss sets forth the factual background in more detail.

[3]   Acquisition's defamation claim is premised on the allegation that "Oscar" is a third party to this lawsuit. While that may or may not be the case (and if it is not, the claim fails as a matter of law), Acquisition has not alleged that it obtained Oscar's consent, nor "Brock's" consent, and certainly not Mr. Pavlovsky's consent.

2

matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone*, 618 F.3d at 973. A district court enjoys broad discretion to grant a motion to strike. *See Vess v. Bank of Am., N.A.*, No. 10CV920-AJB WVG, 2012 WL 113748, at*12 (S.D. Cal. Jan. 13, 2012) ("[W]hether to grant a motion to strike is within the broad discretion of the district court."); *Yufa v. Met One Instruments, Inc.*, No. 1:08-CV-3016-CL, 2012 WL 7188851, at *2 (D. Or. Dec. 20, 2012) (same) *report and recommendation adopted,* No. 1:08-CV-3016-CL, 2013 WL 663594 (D. Or. Feb. 21, 2013). A motion to strike is proper "if it will make trial less complicated or eliminate serious risks of prejudice to the moving party, delay, or confusion of the issues." *Taiwan Semiconductor Mfg. Co. v. Tela Innovations, Inc.*, No. 14-CV-00362-BLF, 2014 WL 3705350, at *3 (N.D. Cal. July 24, 2014).

Under Rule 12(f), "immaterial matter" has "no essential or important relationship to the claim for relief." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). "'Impertinent' has been defined as allegations that are not responsive or irrelevant to the issues that arise in the action, and which are inadmissible as evidence." *In re 2TheMart.com, Inc. Securities Litigation*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

The exhibits, claim, and allegations that Retreaver seeks to strike fall into one or more of the categories proscribed by Rule 12(f), and should thus be stricken from the FAC.

3

B. **Exhibits G And H, Acquisition's Defamation Claim, And Related Allegations Should Be Stricken As Violative Of The California Invasion Of Privacy Act.**[4]

Exhibits G and H violate CIPA, and they, along with Acquisition's defamation claim, and any related allegations, should be stricken. CIPA "protects against intentional, nonconsensual recording of telephone conversations regardless of the content of the conversation or the type of telephone involved." *Flanagan v. Flanagan*, 27 Cal. 4th 766, 776 (2002). As the California Legislature recognized in enacting CIPA, "invasion of privacy . . . [is] a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society." Cal. Penal Code § 630. CIPA provides for both criminal and civil liability for violations of its provisions. Cal. Penal Code §§ 632 and 637 (providing criminal penalties for surreptitious recording and unauthorized disclosure) and § 637.2 (providing civil liability for CIPA violations).

1. **Exhibit G Was Recorded In Violation Of Section 632, And Exhibit G, Along With All Related Allegations And Claims, Should Be Stricken.**

Under section 632 of the Penal Code, a party may not, "(1) intentionally, (2) without the consent of all the parties, (3) record[] by means of any electronic amplifying or recording device, (4) a confidential communication." *Thomas v. Costco Wholesale Corp.*, No. SACV 13-0275-DOC, 2014 WL 819396, at *11 (C.D. Cal. Mar. 3, 2014); Cal. Penal Code § 632(a). Evidence obtained in violation of section 632 is inadmissible in any judicial or other proceeding. Cal. Penal Code § 632(d). Section 632 prohibits the nonconsensual recording of *any* telephone conversation, "regardless of the content of the conversation or the type of telephone involved." *Flanagan*, 27 Cal. 4th at 776.

---

[4] As set forth in more detail in the concurrently filed Motion to Dismiss, while Retreaver has reason to believe that "Oscar" was not actually in California, Acquisition has alleged that he was representing a "California Entity." Accordingly, to the extent this Court accepts the allegation that Oscar was, in fact, located in California, then California's Invasion of Privacy Act applies. *Valentine v. NebuAd, Inc.*, 804 F. Supp. 2d 1022, 1028 (N.D. Cal. 2011) (applying California Penal Code where California resident secretly recorded call with non-California resident); *accord Boston v. Clubcorp USA, Inc.*, No. CV 18-3746 PSG (SSX), 2018 WL 6927830, at *4 (C.D. Cal. Sept. 28, 2018) (same).

4

The first, second, and third elements are easily met here. First, either Oscar intentionally recorded the July 4 telephone call with Mr. Pavlovsky, or Acquisition intentionally eavesdropped on and recorded the call.[5] Second, at no point during the call did Oscar (or Acquisition) seek Retreaver's Stan Pavlovsky's permission to record any part of—or all of—the July 4 call, and nor did Mr. Pavlovsky give any such permission. Third, the conversation was clearly recorded by some type of device. That the first three elements are met is prima facie evidence of a violation of section 632 so long as the conversation was also confidential, and it was. *Frio v. Superior Court*, 203 Cal. App. 3d 1480, 1488 (Ct. App. 1988), *modified* (Sept. 22, 1988) (finding nonconsensual, surreptitious recording of the telephone call "constitutes prima facie evidence of violations of section 632 if the communications [recorded] were confidential").

Fourth, the call was a "confidential communication" within the meaning of section 632. A "confidential communication" is defined as one in which at least one party to the communication believes that it will be "confined to the parties thereto." Cal. Penal Code § 632(c). Here, the transcript itself supports the strong inference that at least one party to the communication—Mr. Pavlovsky—objectively believed that the communication would be confined to the parties to the call (i.e., himself and Oscar).[6] ECF No. 25 Ex. G. For example, Oscar never informed Mr. Pavlovsky that he was recording the entirety of the call. *Id*. at Ex. G; *see also id*. at Ex. H. Indeed, at one point, although Mr. Pavlovsky informed Oscar that he was going to *start* recording of the "demo" portion of the call, Oscar never informed Mr. Pavlovsky that *he was already recording the entire telephone call, commencing with his dialing of Retreaver's phone number and listening to*

---

[5] Indeed, it is far from clear how Acquisition—allegedly not a party to *either* call—obtained the recordings, with one explanation being that Acquisition itself intentionally eavesdropped on and recorded both calls, and thus *both* Exhibits G and H should be stricken as violative of section 632.

[6] As for Exhibit H, Mr. Pavlovsky again clearly objectively believed that the communication would be confined to the parties to the call (i.e., himself, Oscar, and Oscar's alleged CFO, "Brock"). ECF No. 25 Ex. H.

*Retreaver's Operator before being transferred to Mr. Pavlovsky personally*. *Id*. at Ex. G, 18:20-24; *see also id*. at Ex. H, 150:9-12. This is sufficient to show a violation of section 632. *NEI Contracting and Eng'g, Inc. v. Hanson Aggregates, Inc.*, No. 12-CV-1685 H (WMC), 2012 WL 12919147, at *2 (S.D. Cal. Dec. 13, 2012) (finding plaintiff alleged a violation of section 632 where plaintiff alleged that it did not believe that "'one-on-one'" conversations with an employee of another business were being recorded and where other party to the call did not warn plaintiff that the calls would be recorded). That the conversation disclosed Retreaver's proprietary business information and the identify of its clients further buttresses the inference that Mr. Pavlovsky objectively believed the telephone call would be confidential. *E.g.*, ECF No. 25 Ex. G, 10:4-12, 12:16-21, 13:13-15, 14:9-20, 16:1-16, 22:16-30:19, 33:2-35:24, 36:13-18, 39:11-49:20, 50:12-58:21, 59:10-24, 61:14-64:9, 66:13-17; *see also Frio*, 203 Cal. App. 3d at 1489-90 (finding that sensitive business nature of communications supported objective expectation by one of the parties that communications were "confidential" within meaning of section 632).

      Exhibit G is facially violative of section 632, is inadmissible in this proceeding, and should thus be stricken. Cal. Penal Code § 632(d); *see also In re 2TheMart.com*, 114 F. Supp. 2d at 965 ("impertinent" material is "inadmissible as evidence" and should be stricken); *see also Fantasy*, 984 F.2d at 1528 (striking allegations barred by statute of limitations and res judicata because they couldn't be offered at trial).[7] Furthermore, the derivative claim and all related allegations, which are also inadmissible, should also be stricken. *Frio*, 203 Cal. App. 3d at 1492-93 (excluding notes of surreptitiously recorded telephone conversations from evidence).

      Indeed, if this Court does not strike Exhibit G, and the derivative claim and allegations, then Retreaver will be unduly prejudiced and forced to expend considerable

---

[7] To the extent this Court concludes that Exhibit H was *also* recorded in violation of section 632—i.e., because of the inference that Acquisition surreptitiously eavesdropped on and recorded the July 11 call—then Exhibit H is also inadmissible under section 632(d) and should be stricken for these same reasons.

resources litigating what is clearly illegally obtained material, while permitting Acquisition to gain a windfall from its willful violation of California law.

### 2. Exhibits G And H Were Disclosed In Violation Of Section 637, And Exhibits G And H, Along With All Related Allegations And Claims, Should Be Stricken.

Section 637 of the Penal Code provides for liability where a non-party to a telephonic communication "willfully discloses the contents" of the communication without authorization from the parties to the communication. Cal. Penal Code § 637. Here, Exhibits G and H are transcripts of telephone calls between, respectively, Oscar and Mr. Pavlovsky, and Oscar, Brock, and Mr. Pavlovsky. ECF No. 25 Exs. G and H. Nowhere does the FAC allege that Acquisition had permission from the parties to these calls to disclose their contents. As such, Acquisition's willful disclosure of the contents of the two telephone calls to this Court and the public in general—i.e., by attaching the call transcripts to the FAC—violates section 637. *See Elk Grove Answering Serv. v. Hoggatt*, No. 2:10-CV-01759, 2010 WL 4723720, at *1, 3 (E.D. Cal. Nov. 15, 2010) (finding plaintiff alleged violation of section 637 where defendants accessed recordings of an employee's personal calls from the company's servers and disclosed those recordings to third parties); *see also In re Stephenson*, 41 F. App'x 936, 937 (9th Cir. 2002) (disclosure of wiretapped call violated section 637).

It is axiomatic that illegally obtained evidence is inadmissible. *See U.S. v. Whitson*, 587 F.2d 948, 952-53, n.6 (9th Cir. 1978) (illegally obtained evidence is inadmissible). As such, Exhibits G and H, the derivative claim, and the related allegations should all be stricken. *In re 2TheMart.com*, 114 F. Supp. 2d at 965 ("impertinent" material is "inadmissible as evidence" and should be stricken); *see also Fantasy*, 984 F.2d at 1528 (striking allegations barred by statute of limitations and res judicata because they couldn't be offered at trial). Additionally, and as set forth, *supra*, if Exhibits G and H, the derivative claim, and the related allegations are not stricken, then Retreaver will be prejudiced, while Acquisition will profit from its illegal acts.

7

## IV.     CONCLUSION

For the foregoing reasons, Retreaver respectfully requests that, pursuant to Fed. R. Civ. P. 12(f), the Court strike Exhibits G and H to the FAC, Acquisition's claim for defamation, and the related allegations at paragraphs 38-52, 57-65, 72, 75 of the FAC.

Dated:  December 2, 2019                    Respectfully submitted,

                                            GREENBERG TRAURIG, LLP


                                            By:  /s/ Nina D. Boyajian
                                                 Nina D. Boyajian
                                                 Rebekah S. Guyon
                                            Attorneys for Defendant Retreaver, Inc.

ACTIVE47256865