MARC E. HANKIN (SBN: 170505)
E-Mail: Marc@HankinPatentLaw.com
ANOOJ PATEL (SBN: 300297)
E-Mail: Anooj@HankinPatentLaw.com
**HANKIN PATENT LAW,**
A Professional Corporation
12400 Wilshire Boulevard, Suite 1265
Los Angeles, CA 90025
Telephone: (310) 979-3600
Facsimile: (310) 979-3603

Attorneys for Plaintiff,
**ACQUISITION MANAGEMENT, INC.**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACQUISITION MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> RETREAVER, INC., and DOES 1-5, inclusive, <br><br> Defendants. | CASE No. 2:19-cv-06814-DSF-KS <br><br> **DECLARATION OF MARC E. HANKIN IN SUPPORT OF OPPOSITION TO DEFENDANT RETREAVER, INC.'S MOTION TO DISMISS AND MOTION TO STRIKE** <br><br> Hon. Dale S. Fischer <br> Courtroom: 7D <br> Hearing Date: December 30, 2019 <br> Hearing Time: 1:30 PM |

I, Marc E. Hankin, declare as follows:

1. I am an attorney at law, in good standing and licensed to practice before all of the State and Federal Courts within the State of California, as well as about a dozen Federal Courts and the U.S. Patent and Trademark Office. I am the Managing Partner of Hankin Patent Law, A Professional Corporation. I am over the age of eighteen and am competent to testify to the facts as stated below. Unless otherwise stated herein, I make this Declaration based upon my personal knowledge. I make this Declaration in support of the concurrently filed Plaintiff Acquisition Management, Inc.'s Opposition to Defendant Retreaver, Inc.'s Motion to Dismiss and Motion to Strike. If called as a witness, I could and would testify competently to the matters stated herein.

2. I currently represent Plaintiff Acquisition Management, Inc. (hereinafter "Plaintiff" or "Acquisition") in *Acquisition Management, Inc. v. Retreaver, Inc.,* Case No. 2:19-CV-6814 ("the Litigation").

3. On November 20, 2019, immediately after sending an email requesting a Meet and Confer to discuss the issues of Personal Jurisdiction, Counsel for Retreaver sent to Counsel for Acquisition a Rule 11 Violation Letter stating, inter alia, that Mr. Maglio was actually Adam Young, an employee of Acquisition, surreptitiously recording the demo for malicious purposes. Attached hereto as Exhibit D is the Rule 11 Letter.

4. Because that allegation by Counsel for Retreaver was so incredibly ludicrous and just another one of the preposterous statements that have been perpetrated by Retreaver and its Counsel, I did not respond to the Rule 11 Letter, other than to Meet and Confer.

5. I declare under penalty of perjury under the laws of the United States and the State of California, that the foregoing is true and correct and was executed this 9th day of December, 2019, at Los Angeles, California.

Respectfully Submitted,

*/Marc E. Hankin/*

Marc E. Hankin, Esq.

# Exhibit D

# GT GreenbergTraurig

Nina D. Boyajian
Tel 310.586.6587
BoyajianN@gtlaw.com

November 20, 2019

**VIA E-MAIL AND FIRST-CLASS MAIL**
marc@hankinpatentlaw.com

Marc E. Hankin
HANKIN PATENT LAW, APC
12400 Wilshire Blvd., Suite 1265
Los Angeles, CA 90024

      Re:    *Acquisition Management, Inc. v. Retreaver, Inc.*
                  Case No. 2:19-cv-06814-DSF-KS (C.D. Cal.)

Dear Marc:

      As you know, we represent Retreaver, Inc. in the above-referenced matter. The purpose of this letter is to advise Plaintiff Acquisition Management, Inc. and you of the Federal Rule of Civil Procedure 11 violations we have uncovered in the course of investigating your client's claims.

      As you are undoubtedly well aware, Rule 11 provides that when an attorney presents a pleading, written motion or other paper to the court, he or she is representing that to the best of his or her knowledge, that pleading was "formed after an inquiry reasonable under the circumstances," that "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;" and "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. Proc. 11(b). In addition, 28 U.S.C. § 1927 allows a party to recover excess fees and costs where an attorney "so multiplies the proceedings in any case unreasonably and vexatiously." *See Williams v. Mt. Diablo Unified School Dist.*, 284 F. App'x 513, 514 (9th Cir. 2008) (district court did not abuse its discretion by ordering sanctions and awarding attorneys' fees for party's failure to investigate claims); *Truesdell v. S. California Permanente Med. Grp.*, 293 F.3d 1146, 1153 (9th Cir. 2002) (affirming award of sanctions where "[a]ny reasonable lawyer would have known, upon even the most casual investigation," that the governing law "would not support a claim on these facts").

      Plaintiff's First Amended Complaint ("FAC") contains numerous material, sanctionable falsehoods. Plaintiff contends that it was harmed when Retreaver allegedly "solicited a California Entity to purchase Defendant's services." FAC ¶ 37. In support of

Greenberg Traurig, LLP | Attorneys at Law
1840 Century Park East | Suite 1900 | Los Angeles, CA 90067 | T +1 310.586.7700 | F +1 310.586.7800

ACTIVE 47235070

www.gtlaw.com

Ex.D, Pg. 4

Marc E. Hankin
November 20, 2019
Page 2

this allegation, Plaintiff attaches to the FAC two transcripts of alleged telephone calls, allegedly between an "Oscar Maglio" of "HPJ Holdings" and Stan Pavlovsky, a Retreaver employee. FAC, Exs. G, H. However, you (or your client) are well aware that there is no "Oscar Maglio" and no person from HPJ Holdings (or any California company) contacted Retreaver in relation to its call tracking software in the telephone calls allegedly transcribed in Exhibits G and H. Rather, the evidence that we have gathered indicates that Exhibits G and H are transcripts of calls that your client—Adam Young of Acquisition Management—set up under false pretenses for a malicious purpose, including, apparently, to fabricate alleged support for meritless claims against Retreaver. Indeed, it is beyond incredulous that a true third-party potential customer would call Retreaver, surreptitiously record the call, and then reach out to your client to present it with a copy of the recording for use in this lawsuit. Courts routinely sanction attorneys and their counsel for misrepresentations in their pleadings, as have been made here. *E.g.*, *Trulis v. Baron*, 107 F.3d 685, 692 (9th Cir. 1995) (district court erred in not awarding sanctions based on misrepresentations in declarations submitted to the court); *Truesdell v. S. Cal. Permanente Med. Grp.*, 209 F.R.D. 169, 177-78 (C.D. Cal. 2002) (awarding sanctions where counsel made factual misrepresentations in complaint).

As you know, the potential of a Rule 11 motion is serious, and I do not write this letter lightly, but rather, after careful consideration of the evidence before me. If Retreaver is forced to proceed with defending this meritless defamation claim, it will seek all available sanctions, fees and costs against you, your firm and your client under Rule 11 and Section 1927. *See MAI Sys. Corp. v. Walbert Enters., Inc.,* 116 F.3d 485 (9th Cir. 1997) (attorney sanctioned for filing frivolous breach of contract claim and not dismissing it upon receiving notice that the claim was meritless).

Please confirm immediately that Count 6 of the FAC will be dismissed in its entirety. If you wish to discuss the matter, I am of course available to do so. In the meantime, all rights reserved.

Very truly yours,

Nina D. Boyajian

NDB

cc (via email): Anooj Patel (anooj@hankinpatentlaw.com)
Rebekah S. Guyon