GREENBERG TRAURIG, LLP
NINA D. BOYAJIAN (SBN 246415)
*BoyajianN@gtlaw.com*
REBEKAH S. GUYON (SBN 291037)
*GuyonR@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Telephone: 310-586-7700
Facsimile: 310-586-7800

Attorneys for Defendant Retreaver, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ACQUISITION MANAGEMENT, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>RETREAVER, INC., and DOES 1-5, inclusive,<br><br>Defendants. | CASE NO.: 2:19-cv-06814-DSF-KS<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE EXHIBITS G AND H TO THE FIRST AMENDED COMPLAINT, THE DEFAMATION CLAIM, AND RELATED ALLEGATIONS, PURSUANT TO FED. R. CIV. P. 12(F) FOR VIOLATIONS OF CALIFORNIA PENAL CODE §§ 632 AND 637**<br><br>[*Declaration of Stan Pavlovsky filed concurrently*]<br><br>Hearing Date: December 30, 2019<br>Time: 1:30 p.m.<br>Room: Courtroom 7D<br><br>Hon. Dale S. Fischer<br><br>Action Filed: August 6, 2019<br>FAC Filed: November 11, 2019 |

# **TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT .......................................................................................................1

    A.    Exhibit G Should Be Stricken Because It Was Recorded In Violation Of Section 632................................................................................................1

    B.    Exhibits G And H Should Be Stricken Because They Were Disclosed In Violation Of Section 637 ....................................................................4

    C.    Exhibit G Should Also Be Stricken Because It Was Also Recorded In Violation Of Section 632.7........................................................................5

    D.    The California Invasion of Privacy Act Applies Here ...................................6

III. CONCLUSION ..................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*In re 2TheMart.com, Inc.*,
 114 F. Supp. 2d 955 (C.D. Cal., July 17, 2000) ................................................. 3, 5, 6

*ASM Am., Inc. v. Genus, Inc.*,
 No. 01-2190 EDL, 2002 WL 24444 (N.D. Cal. Jan. 9, 2002)......................................... 1

*Bergstein v. Parmar*,
 No. CV1306167DMGMRWX, 2013 WL 12114091 (C.D. Cal. Aug. 23, 2013) ........................................................................................................................ 2

*Boston v. Clubcorp USA, Inc.*,
 No. CV 18-3746 PSG (SSX), 2018 WL 6927830 (C.D. Cal. Sept. 28, 2018) ........................................................................................................................ 6

*Carrese v. Yes Online Inc.*,
 No. CV1605301SJOAFMX, 2016 WL 6069198 (C.D. Cal. Oct. 13, 2016).................. 6

*Elk Grove Answering Serv. v. Hoggatt*,
 No. 2:10-CV-01759, 2010 WL 4723720 (E.D. Cal. Nov. 15, 2010) ........................... 4

*Fantasy, Inc. v. Fogerty*,
 984 F.2d 1524 (9th Cir. 1993) ................................................................................ 3, 5, 6

*Lewis v. Costco Wholesale Corp.*,
 No. LACV1204820JAKAJWX, 2012 WL 13012729 (C.D. Cal. Oct. 5, 2012) .................................................................................................................... 5, 6

*NEI Contracting and Eng'g, Inc. v. Hanson Aggregates, Inc.*,
 No. 12-CV-1685 H (WMC), 2012 WL 12919147 (S.D. Cal. Dec. 13, 2012) ........................................................................................................................ 2

*In re Stephenson*,
 41 F. App'x 936 (9th Cir. 2002) ................................................................................... 4

*Thomas v. Costco Wholesale Corp.*,
 No. SACV 13-0275-DOC, 2014 WL 819396 (C.D. Cal. Mar. 3, 2014) ....................... 2

*U.S. v. Whitson*,
    587 F.2d 948 (9th Cir. 1978) .................................................................................. 5, 6

*Valentine v. NebuAd, Inc.*,
    804 F. Supp. 2d 1022 (N.D. Cal. 2011) ....................................................................... 6

*Whittlestone, Inc. v. Handi-Craft Co.*,
    618 F.3d 970 (9th Cir. 2010) ....................................................................................... 1

*Zkey Invs., LLC v. Facebook Inc.*,
    225 F. Supp. 3d 1147 (C.D. Cal. 2016) ................................................................... 3, 5

**State Cases**

*Frio v. Superior Court*,
    203 Cal. App. 3d 1480 (Ct. App. 1988) .................................................................. 2, 3

**State Statutes**

Cal. Penal Code § 630 ....................................................................................................... 1

Cal. Penal Code § 632 ............................................................................................... 1, 2, 3

Cal. Penal Code § 632.7 ................................................................................................ 5, 6

Cal. Penal Code § 637 ................................................................................................... 4, 5

**Rules**

Fed. R. Civ. P. 12(f) .......................................................................................................... 7

## I. INTRODUCTION

Exhibits G and H to the First Amended Complaint ("FAC") violate California's Invasion of Privacy Act ("CIPA"), and they, along with Acquisition Management, Inc.'s ("Acquisition") defamation claim should be stricken. Nothing in Acquisition's opposition, or in the improper declaration submitted in support of the opposition,[1] suggest otherwise. Nor should Acquisition be permitted to profit from its misdeeds because "invasion of privacy . . . [is] a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society." Cal. Penal Code § 630. It is worth emphasizing that not only will striking Exhibits G and H, the defamation claim, and all related allegations vindicate public policy, but it will also "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

Whether this Court considers and decides Defendant Retreaver, Inc.'s ("Retreaver") Motion to Strike as a matter of law, or in reliance on extrinsic evidence, the result is the same: Acquisition acquired and disclosed Exhibits G and H in violation of CIPA, and Exhibits G and H, as well as all related allegations and the derivative defamation claim, must be stricken.

## II. ARGUMENT

**A.  Exhibit G Should Be Stricken Because It Was Recorded In Violation Of Section 632**

Each of the four elements required for a violation of section 632 of the Penal Code are satisfied: Oscar Maglio,[2] a party to the July 4 telephone call (1) intentionally, (2) and

---

[1]   "On a motion to strike, the Court is limited to considering the material appearing on the face of the pleadings. The Court cannot consider extrinsic evidence . . ." *See ASM Am., Inc. v. Genus, Inc.*, No. 01-2190 EDL, 2002 WL 24444, at *4 (N.D. Cal. Jan. 9, 2002).

[2]   While it is true that Retreaver has serious concerns about the identity of the caller—and the very existence of Mr. Maglio—whether the caller was third-party Mr. Maglio or party-representative Adam Young—leads to the same result: the transcripts were illegally recorded and disclosed. Thus, that Retreaver—in the motion to strike

without the consent of Stan Pavlovsky, the other party to the telephone call, (3) recorded, (4) the confidential telephone call. *Thomas v. Costco Wholesale Corp.*, No. SACV 13-0275-DOC, 2014 WL 819396, at *11 (C.D. Cal. Mar. 3, 2014) (setting forth the elements for a violation of section 632); Cal. Penal Code § 632(a). Nothing in Acquisition's opposition supports a conclusion to the contrary, nor does Acquisition make any argument that the telephone call was not confidential.[3] Instead, Acquisition falsely claims that Mr. Pavlovsky consented to Mr. Maglio's recording of the telephone call. But Acquisition's own brief reveals this to be untrue: Acquisition's excerpts were clearly recorded by Mr. Maglio *before Mr. Pavlovsky began his own recording of the call*. Opp. at 15:11-15 (quoting Ex. G at 7). In fact, the excerpts Acquisition references misleadingly suggest that Mr. Pavlovsky immediately began recording the July 4 telephone call. Instead, at page 7 of the transcript, Mr. Maglio asks, "Is there any way you're able to record the demo and forward it to me -- . . . afterwards?" ECF No. 25-7, Ex. G at 7:10-13. It is only <u>15 pages later</u>, at page 22, that Mr. Pavlovsky states, "So I am recording this now." *Id.* at Ex. G at 22:9.

      Moreover, that *Mr. Pavlovsky* obtained *Mr. Maglio's* consent to record a specific portion of the July 4 *telephone* call is irrelevant: California law prohibits "the *secret* or *undisclosed* recording of telephone conversations, that is, the recording of such calls without the knowledge of *all* parties to the call." *Bergstein v. Parmar*, No. CV1306167DMGMRWX, 2013 WL 12114091, at *5 (C.D. Cal. Aug. 23, 2013) (emphasis in original) (internal quotation marks omitted); *see also NEI Contracting and*

---

context—did not present to the Court evidence that the caller was in fact Mr. Young, is of no consequence to the outcome of this motion.

[3] The conversation was confidential, and that it disclosed Retreaver's proprietary business information and the identity of its clients further buttresses that Mr. Pavlovsky objectively believed the telephone call would be confidential. *E.g.*, ECF No. 25 Ex. G at 10:4-12, 12:16-21, 13:13-15, 14:9-20, 16:1-16, 22:16-30:19, 33:2-35:24, 36:13-18, 39:11-49:20, 50:12-58:21, 59:10-24, 61:14-64:9, 66:13-17; *see also Frio v. Superior Court*, 203 Cal. App. 3d 1480, 1489-90 (Ct. App. 1988) (finding that sensitive business nature of communications supported objective expectation by one of the parties that communications were "confidential" within meaning of section 632).

2

*Eng'g, Inc. v. Hanson Aggregates, Inc.*, No. 12-CV-1685 H (WMC), 2012 WL 12919147, at *2 (S.D. Cal. Dec. 13, 2012) (finding plaintiff alleged a violation of section 632 where plaintiff alleged that it did not believe that "'one-on-one'" conversations with an employee of another business were being recorded and where other party to the call did not warn plaintiff that the calls would be recorded). Mr. Maglio never obtained Mr. Pavlovsky's consent to record all, or a part of, the July 4 telephone call, and never disclosed his intention to do so.[4] Additionally, if this Court considers extrinsic evidence in deciding this motion, then Mr. Pavlovsky's declaration on this point is clear: he did not consent to Mr. Maglio's recording of the July 4 telephone call, and was unaware that Mr. Maglio had recorded the telephone call until the filing of the FAC, and Acquisition has presented no evidence to the contrary.[5] Pavlovsky Decl., ¶ 4.

In short, Exhibit G is facially violative of section 632, is inadmissible in this proceeding, and it, along with the derivative claim and allegations, should be stricken. Cal. Penal Code § 632(d); *see also In re 2TheMart.com*, 114 F. Supp. 2d at 965 ("impertinent" material is "inadmissible as evidence" and should be stricken); *see also Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993) (striking allegations barred by statute of limitations and res judicata because they could not be offered at trial), *rev'd on other grounds*, 510 U.S. 517 (1994); *Frio v. Sup. Ct.*, 203 Cal. App. 3d 1480, 1492-93 (Ct. App. 1988) (excluding notes of surreptitiously recorded telephone conversations from evidence).[6] Retreaver will otherwise be prejudiced, while Acquisition will profit

---

[4] To the extent Mr. Maglio also secretly recorded the July 11 telephone call, then Exhibit H, too, violates section 632. Again, nowhere in the transcript for the July 11 telephone call does Mr. Maglio ask Mr. Pavlovsky's consent to make his own recording of the call.

[5] "[W]here evidence is submitted in direct response to proof adduced in opposition to a motion it is not 'new.'" *Zkey Invs., LLC v. Facebook Inc.*, 225 F. Supp. 3d 1147, 1158 (C.D. Cal. 2016) (quotation marks omitted).

[6] To the extent this Court concludes that Exhibit H was *also* recorded in violation of section 632—i.e., because of the inference that Mr. Maglio or Acquisition surreptitiously eavesdropped on and recorded the July 11 call—then Exhibit H is also inadmissible under section 632(d) and should be stricken for these same reasons.

3

from its knowing violation of California law.

B. **Exhibits G And H Should Be Stricken Because They Were Disclosed In Violation Of Section 637**

Section 637 provides for liability where a non-party to a telephonic communication "willfully discloses the contents" of the communication without authorization from *all* of the *parties* to the communication. Cal. Penal Code § 637. Setting aside Acquisition's improper extrinsic evidence, nowhere does the FAC allege that Acquisition obtained the consent of *all* of the *parties* to the July 4 and 11 telephone calls to disclose their contents to this Court and the public. As such, Acquisition's willful disclosure of the contents of these two telephone calls is a *prima facie* violation of section 637. *See Elk Grove Answering Serv. v. Hoggatt*, No. 2:10-CV-01759, 2010 WL 4723720, at *1, 3 (E.D. Cal. Nov. 15, 2010) (finding plaintiff alleged violation of section 637 where defendants accessed recordings of an employee's personal calls from the company's servers and disclosed those recordings to third parties); *see also In re Stephenson*, 41 F. App'x 936, 937 (9th Cir. 2002) (disclosure of wiretapped call violated section 637).

Even if this Court considers Acquisition's extrinsic evidence, Retreaver's motion should be granted. Acquisition summarily states that both telephone calls were directed to Mr. Maglio, that he consented to their disclosure, and that Acquisition thus did not violate section 637. Opp. at 15:27-16:1. Initially, whether either telephone call was "directed" to Mr. Maglio is irrelevant. *See Elk Grove*, 2010 WL 4723720, at *1 (finding allegations that defendants violated section 637 sufficient where plaintiff alleged defendants disclosed the contents of telephone calls *between* plaintiff and others). And, setting aside that Mr. Maglio's purported consent is presented through rank hearsay, whether Mr. Maglio consented is irrelevant because Mr. Pavlovsky indisputably did *not* consent to the disclosure of the contents of the two telephone calls. Courts have interpreted section 637 to require the consent of *all* parties to a communication for its disclosure: "Section 637 states that anyone not a party to a communication who

4

'wil[l]fully discloses the contents' of a communication without *their* permission is punishable by imprisonment or a $50,000 fine." *Id*. at *2. Here, Acquisition has not, and cannot, allege or prove that all of the parties to the July 4 and 11 telephone calls consented to their disclosure because Mr. Pavlovsky emphatically did not so consent. Pavlovsky Decl. ¶ 4.

As such, Exhibits G and H, the derivative claim, and the related allegations—all of which violate section 637 of the Penal Code—should be stricken. *U.S. v. Whitson*, 587 F.2d 948, 952-53, n.6 (9th Cir. 1978) (illegally obtained evidence is inadmissible); *see also In re 2TheMart.com, Inc.*, 114 F. Supp. 2d 955, 965 (C.D. Cal., July 17, 2000) ("impertinent" material is "inadmissible as evidence" and should be stricken); *see also Fantasy*, 984 F.2d at 1528 (striking allegations barred by statute of limitations and res judicata because they could not be offered at trial).

Indeed, Acquisition's opposition raises more questions than it answers—e.g., how did Acquisition know these call recordings (and Mr. Maglio) even existed, were these calls set up for the purposes of this lawsuit, etc.? Whatever the answers, Retreaver should not be forced to expend resources litigating them, particularly where Acquisition has clearly violated section 637 of the California Penal Code.

## C.  **Exhibit G Should Also Be Stricken Because It Was *Also* Recorded In Violation Of Section 632.7**

To the extent this Court considers Acquisition's improper extrinsic evidence, then Exhibit G should *also and separately* be stricken as violative of section 632.7 of the Penal Code.[7] Section 632.7 "*precludes* the recording of all communications involving a cellular telephone." *Lewis v. Costco Wholesale Corp.*, No. LACV1204820JAKAJWX,

---

[7] This argument was not presented in Retreaver's opening brief, but is nonetheless now properly before the Court. "[W]here evidence is submitted in direct response to proof adduced in opposition to a motion it is not 'new.'" *Zkey Invs.*, 225 F. Supp. 3d at 1158 (quotation marks omitted). Acquisition has introduced extrinsic evidence here, and Retreaver is permitted to respond to and rebut this evidence in its reply.

1  2012 WL 13012729, at *3 (C.D. Cal. Oct. 5, 2012); Cal. Penal Code § 632.7(a).

2  Section 632.7 applies here: as set forth, *supra*, Mr. Maglio surreptitiously recorded the entire July 4 telephone call, and that call involved at least one cellular telephone. Pavlovsky Decl. ¶ 5 (stating that he used an iPhone X for the July 4 call); *see also* ECF No. 25-7, Ex. G at 8:3 ("Oscar: Telephone is preferred."), 17:21-22 ("Stan: -- we can keep talking on the phone"); *see also Lewis*, 2012 WL 13012729, at *3–4 (finding plaintiff alleged violation of section 632.7 where she alleged that a call made from her cellular telephone was secretly recorded by another party to the call); *accord Carrese v. Yes Online Inc.*, No. CV1605301SJOAFMX, 2016 WL 6069198, at *8 (C.D. Cal. Oct. 13, 2016).

Thus, Exhibit G, and the derivative claim and related allegations, should all be stricken on this additional basis. *Whitson*, 587 F.2d at 952-53, n.6 (illegally obtained evidence is inadmissible); *see also In re 2TheMart.com*, 114 F. Supp. 2d at 965 ("impertinent" material is "inadmissible as evidence" and should be stricken); *see also. Fantasy*, 984 F.2d at 1528 (striking allegations barred by statute of limitations and res judicata because they could not be offered at trial). As set forth, *supra*, Retreaver will be prejudiced if Exhibit G, and the derivative claim and related allegations, are not stricken.

**D.**    **The California Invasion of Privacy Act Applies Here**

Acquisition's argument that Canadian law applies merits short shrift. As set forth in more detail in the briefing on the motion to dismiss, although Retreaver believes that "Oscar Maglio" was not actually located in California, Acquisition cannot allege that Mr. Maglio was located in California and bring multiple claims premised on California state law, and fight for jurisdiction by a court in California, while simultaneously disclaiming the application of California law here. *See Valentine v. NebuAd, Inc.*, 804 F. Supp. 2d 1022, 1028 (N.D. Cal. 2011) (applying California Penal Code where California resident secretly recorded call with non-California resident); *accord Boston v. Clubcorp USA, Inc.*, No. CV 18-3746 PSG (SSX), 2018 WL 6927830, at *4 (C.D. Cal. Sept. 28, 2018)

(same). "To conclude otherwise would mean the California Legislature intended to allow California residents to violate the CIPA . . . with impunity with respect to out-of-state individuals and entities, a result this Court declines to reach." *Valentine*, 804 F. Supp. 2d at 1028. In any event, if Acquisition prefers the application of Canadian law, then Acquisition is free to dismiss this action and re-file in Canada.

### III. CONCLUSION

For the foregoing reasons, Retreaver respectfully requests that, pursuant to Fed. R. Civ. P. 12(f), the Court strike Exhibits G and H to the FAC, Acquisition's derivative claim for defamation, and the related allegations at paragraphs 38-52, 57-65, 72, 75 of the FAC.

Dated: December 16, 2019

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: */s/ Nina D. Boyajian*
Nina D. Boyajian
Rebekah S. Guyon
Attorneys for Defendant Retreaver, Inc.