GREENBERG TRAURIG, LLP
NINA D. BOYAJIAN (SBN 246415)
*BoyajianN@gtlaw.com*
REBEKAH S. GUYON (SBN 291037)
*GuyonR@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Telephone: 310-586-7700
Facsimile: 310-586-7800

Attorneys for Defendant Retreaver, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ACQUISITION MANAGEMENT, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RETREAVER, INC., and DOES 1-5, inclusive, <br><br> Defendants. | CASE NO.: 2:19-cv-06814-DSF-KS <br><br> **DEFENDANT RETREAVER, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(2) OR 12(B)(6)** <br><br> [*Evidentiary Objections; Declaration of Jason Kolesnikowicz; Supplemental Declaration of Stan Pavlovsky Filed Concurrently*] <br><br> Hearing Date: December 30, 2019 <br> Time: 1:30 p.m. <br> Room: Courtroom 7D <br><br> Hon. Dale S. Fischer <br><br> Action Filed: August 6, 2019 <br> FAC Filed: November 11, 2019 |

# TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................... 1

II.  ARGUMENT ................................................................................................. 2

   A.  Acquisition Has Not Met Its Burden To Show Personal Jurisdiction ................ 2

       1.  Acquisition Concedes That General Jurisdiction Is Absent ..................... 2
       2.  The FAC Does Not Arise From Retreaver's Forum-Directed Conduct......................................................................................... 3
       3.  Acquisition Has Not Met Its Burden To Obtain Jurisdictional Discovery ...................................................................................... 5

   B.  Acquisition Has Failed To State A Claim ............................................................. 6

       1.  The Court Should Not Convert Retreaver's Motion To A Rule 56 Motion ........................................................................................... 6
       2.  Retreaver's Use Of The Alleged Ringba Mark Was Nominative Fair Use............................................................................................. 7

           a.  Nominative Fair Use Is Properly Decided On a Motion To Dismiss........................................................................................ 7
           b.  Retreaver's Use Of Ringba Was Nominative Fair Use................... 7

       3.  Acquisition Has Not Stated A Claim For Defamation ............................ 8

           a.  A 12(b)(6) Motion To Dismiss Defamation Claims Is Proper......................................................................................... 8
           b.  The Common Interest Privilege Protects Retreaver's Statements ................................................................................... 8
           c.  Acquisition Has Not Plausibly Alleged Defamation ..................... 9

               i.   Whether DNC.com Contacted Acquisition Is Not Defamatory............................................................................... 9
               ii.  That CallAnalyticsSoftware.com is "Fake Reviews" Is Opinion ................................................................................ 10
               iii. Retreaver Banned Acquisition's Owner.......................... 11
               iv.  Several "FTC Complaint[s]" Involve Acquisition's Owner ................................................................................ 12

III. CONCLUSION ........................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Applied Underwriters, Inc. v. Lichtenegger*,
   913 F.3d 884 (9th Cir. 2019) .................................................................... 7, 8

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
   874 F.3d 1064 (9th Cir. 2017) ................................................................... 4, 6

*Bragg Live Foods, Inc. v. Eco Action SDN BHD*,
   No. CV158261DSFJPRX, 2016 WL 7446915 (C.D. Cal. Apr. 29, 2016)
   (Fischer, J.) ...................................................................................................... 4

*Cybersell, Inc. v. Cybersell, Inc.*,
   130 F.3d 414 (9th Cir. 1997) ........................................................................ 3

*Gardner v. Martino*,
   563 F.3d 981 (9th Cir. 2009) .................................................................. 10, 11

*Greenbelt Co-op. Publ'g Ass'n v. Bresler*,
   398 U.S. 6 (1970) ......................................................................................... 11

*Hamilton Materials, Inc. v. Dow Chem. Corp.*,
   494 F.3d 1203 (9th Cir. 2007) ....................................................................... 7

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
   466 U.S. 408 (1984) ...................................................................................... 4

*Int'l Shoe Co. v. Wash.*,
   326 U.S. 310 (1945) ...................................................................................... 4

*Knievel v. ESPN*,
   393 F.3d 1068 (9th Cir. 2005) .................................................................. 8, 10

*Martinez v. Aero Caribbean*,
   764 F.3d 1062 (9th Cir. 2014) ....................................................................... 3

*Marvix Photo, Inc. v. Brand Techs., Inc.*,
   647 F.3d 1218 (9th Cir. 2011) ....................................................................... 2

*Masson v. New Yorker Magazine, Inc.*,
   501 U.S. 496 (1991) ................................................................................ 11, 12

*Milkovish v. Lorain Journal Co.*,
   497 U.S. 1 (1990) .................................................................................................. 9

*New Kids on the Block v. News Am. Pub., Inc.*,
   971 F.2d 302 (9th Cir. 1992) ............................................................................ 7, 8

*Pebble Beach Co. v. Caddy*,
   453 F.3d 1151 (9th Cir. 2006) .......................................................................... 3, 5

*Personal Elec. Transports, Inc. v. Office of the U.S. Trustee*,
   313 F. App'x 51 (9th Cir. 2009) .................................................................. 2, 5, 7

*Rodriguez v. Panayiotou*,
   314 F.3d 979 (9th Cir. 2002) ............................................................................. 11

*Scott v. Breeland*,
   792 F.2d 925 (9th Cir. 1986) ............................................................................... 4

*Smart Energy Today, Inc. v. Hoeft*,
   No. CV158517DSFAJWX, 2016 WL 8200432 (C.D. Cal. June 20, 2016)
   (Fischer, J.) ....................................................................................................... 4, 5

**State Cases**

*ComputerXpress, Inc. v. Jackson*,
   93 Cal. App. 4th 993 (2001) ......................................................................... 10, 12

*Gantry Constr. Co. v. Am. Pipe & Constr. Co.*,
   49 Cal. App. 3d 186 (1975) ................................................................................. 9

*Hecimovich v. Encinal Schl. Parent Teacher Org.*,
   203 Cal. App. 4th 450 (2012) .............................................................................. 9

*Hughes v. Hughes*,
   122 Cal. App. 4th 931 (2004) ............................................................................ 12

*John Doe 2 v. Sup. Ct.*,
   1 Cal. App. 5th 1300 (2016) ......................................................................... 10, 12

*Kashian v. Harriman*,
   98 Cal. App. 4th 892 (2002) ............................................................................. 8, 9

*Summit Bank v. Rogers*,
   206 Cal. App. 4th 669 (2012) ................................................................. 10, 11, 12

**State Statutes**

Cal. Civ. Code § 47 ................................................................................................... 9

Cal. Civ. Code § 47(c) ........................................................................................... 8, 9

**Rules**

Fed. R. Civ. P. 11 ...................................................................................................... 6

Fed. R. Civ. P. 12(b)(2) ........................................................................................... 12

Fed. R. Civ. P. 12(b)(6) ...................................................................................... 8, 12

Fed. R. Civ. P. 12(c) ................................................................................................. 7

Fed. R. Civ. P. 12(d) ................................................................................................. 7

Fed. R. Civ. P. 56 .................................................................................................. 1, 7

Fed. R. Evid. 602 ...................................................................................................... 3

## I.    INTRODUCTION

This case has no ties to the Central District of California, and it should not be filed in any other forum because Acquisition has not stated and cannot state a plausible claim.[1] Nor Should Retreaver's 12(b)(6) Motion be converted to a Rule 56 motion, notwithstanding Acquisition's improper submission of extrinsic evidence, because Acquisition's failure to state a plausible claim can be decided on the pleadings alone.

Acquisition concedes that Retreaver is not subject to general jurisdiction in California, as it is a foreign entity with its only place of business is in Toronto, Canada. Accordingly, this case comes down to whether Acquisition can show that Retreaver purposefully directed its use of the alleged Ringba mark and statements that Acquisition contends are defamatory to the forum. Retreaver did not. Retreaver's advertisements displayed with the Ringba AdWord were available online anywhere in the United States—they were not targeted to California. Ninth Circuit law is clear that simply making allegedly infringing content available on the internet in the forum is not sufficient to assert jurisdiction over a foreign defendant. Similarly, Acquisition's theory that Retreaver made allegedly defamatory statements to an "individual" in California (having dropped the false allegation that HPJ Holdings, Inc. is a "California Entity"), fares no better, because Mr. Maglio's unilateral solicitation of Retreaver while (allegedly) temporarily in the state is not relevant to the jurisdiction analysis. In any event, Mr. Maglio's statement that he was in California for one of the calls at issue is hearsay, and undisputed (and judicially noticeable) public records show that the only Oscar Maglio in the United States resides in Florida.

Retreaver has also shown that, in the alternative, dismissal on the merits is appropriate, even accepting Acquisition's allegations and improper extrinsic evidence. Acquisition cannot maintain any of its claims arising from Retreaver's use of the alleged Ringba mark in comparative advertising, because Retreaver's references to Ringba, including as an AdWord, were a nominative fair use—not an infringing use—as a matter of law. Nor can Acquisition

---

[1]    Defined terms have the meanings provided in Retreaver's Motion to Dismiss ("Motion"), unless otherwise noted.

1

state a claim for defamation because Mr. Pavlovsky's statements to Mr. Maglio are (1) either protected by the common-interest privilege (which is not limited to the employment context), or (2) not actionable as statements of opinion or substantially true under controlling Supreme Court and Ninth Circuit law—law that Acquisition ignores.

Thus, the Court should either dismiss the FAC for lack of personal jurisdiction, or dismiss it with prejudice for failure to state a claim.

## II.     ARGUMENT

### A.     Acquisition Has Not Met Its Burden To Show Personal Jurisdiction

The parties agree regarding the governing law controlling Retreaver's 12(b)(2) Motion; so much so, indeed, that two and one-half pages of Acquisition's Opposition are copied almost **verbatim** from Retreaver's legal section. *Compare* Opp. at 5:27-7:11, *with* Mot. at 9:6-10:2, 11:16-12:2. Acquisition omits only that it "cannot rely on bare allegations in the FAC, as it does here, to meet its burden" of establishing personal jurisdiction. Mot. at 11-12 (citing *Marvix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011)). Notably, Acquisition failed to address <u>any</u> of the cases (many from this Court) that Retreaver cited in support of its factual position on the merits. *See* Mot. at 10-14. The only additional information that Acquisition provides in its Opposition was either refuted by Retreaver in its Motion (which Acquisition ignores), or is immaterial to the Court's analysis.

### 1.     Acquisition Concedes That General Jurisdiction Is Absent

Acquisition's only alleged basis for asserting jurisdiction over Retreaver is specific jurisdiction; it does not oppose Retreaver's grounds for dismissal for lack of general jurisdiction. *See* Mot. at 10:4-11:14; Opp. at 5 (contending only that Retreaver's actions are "sufficient to establish specific personal jurisdiction"); *Personal Elec. Transports, Inc. v. Office of the U.S. Trustee*, 313 F. App'x 51, 52 (9th Cir. 2009) (party that fails to address argument in opposition waives grounds for opposing dismissal). Accordingly, Acquisition's arguments regarding (1) Retreaver's reason for including its financial advisor's office on its corporation documents when it had no corporate office (and Retreaver believed that the only alternative was to publicly-disclose its employees' home addresses), and (2) the percentage of

2

Retreaver's revenues generated in California, make no sense, because those facts are only relevant to general jurisdiction. *See Martinez v. Aero Caribbean*, 764 F.3d 1062, 1069-70 (9th Cir. 2014); Opp. at 2:23-3:11; 3:24-4:13.[2] In any event, these matters were fully explained in Retreaver's Motion. *See* Mot. at 2:19-24, 11:3-8; Kolesnikowicz Decl. ¶¶ 3, 11. Acquisition cannot manufacture (irrelevant) fact issues by ignoring Retreaver's evidence.

### 2.     The FAC Does Not Arise From Retreaver's Forum-Directed Conduct

Acquisition's entire theory of jurisdiction hinges on two arguments: (1) that Retreaver should have "geographically limited" its AdWord campaign "to not include California," and (2) "Retreaver knowingly solicited an individual in California" and allegedly made defamatory statements at the time. Opp. at 7:12-26. Acquisition cites **no law** finding personal jurisdiction over a foreign defendant based on these theories. Indeed, these theories are either contrary to controlling law or simply false—based on undisputed facts.

***First***, Acquisition wholly ignores binding Ninth Circuit precedent holding that simply making content available on the internet to users within California is insufficient to confer specific jurisdiction in California federal court. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006) ("The only acts identified by Pebble Beach as being directed at California are the website and the use of the name 'Pebble Beach' in the domain name. These acts were not aimed at California and, regardless of foreseeable effect, are insufficient to establish jurisdiction."). Acquisition seems to be arguing that the law requiring that internet conduct be *targeted* to a forum state to support specific jurisdiction means that specific jurisdiction exists *whenever* a party makes content available online in the forum, unless California is actively *excluded*. That is not the law. "[S]o far as we are aware, no court has ever held that an Internet advertisement alone is sufficient to subject the advertiser to jurisdiction in the plaintiff's home state." *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997) (no specific personal jurisdiction absent targeting a website to the forum).

---

[2]     Acquisition's statement that "California is home to about 0.5% of the population of the Earth" is completely unsupported and inadmissible, to the extent this argument made by counsel is "evidence" at all. *See* Fed. R. Evid. 602. Further, Retreaver's revenues generated in California are only relevant to general jurisdiction, which Acquisition concedes is lacking. *See* Mot. at 10-11.

3

Acquisition's theory of jurisdiction is even more attenuated because California is *not* its home state. FAC ¶ 15. *Smart Energy Today, Inc. v. Hoeft*, No. CV158517DSFAJWX, 2016 WL 8200432, at *2–3 (C.D. Cal. June 20, 2016) (Fischer, J.) (allegedly defamatory materials on "AngiesList.com and Yelp.com" "available to anyone in the United States with Internet access" did not support specific jurisdiction in California); *Bragg Live Foods, Inc. v. Eco Action SDN BHD*, No. CV158261DSFJPRX, 2016 WL 7446915, at *3 (C.D. Cal. Apr. 29, 2016) (Fischer, J.) (website "accessible in California" did not establish jurisdiction unless defendants "encouraged California residents to access the site or" "targeted California buyers").[3]

*Second*, even assuming that Mr. Maglio was in California during one of the calls, the "unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984). Further, to satisfy fair play and substantial justice, only contacts that a "defendant *himself* creates with the forum State" are relevant. *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (emphasis in original) (citing *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)). Retreaver did <u>not</u> reach out to Mr. Maglio or HPJ Holdings at all, as Exhibit G to the FAC makes abundantly clear. FAC, Ex. G at 1:6-19 (Mr. Maglio calls Retreaver and requests a demo); Supp. Pavlovsky Decl. ¶ 2. In any event, one call with one person temporarily in California hardly meets the due process requirements for personal jurisdiction. FAC, Ex. G at 6:3-5; *Axiom Foods*, 874 F.3d at 1071 (sending "one newsletter to a maximum of ten recipients located in California" out of which infringement claims arose not sufficient for finding specific jurisdiction).

But the Court need not even reach that analysis, because Acquisition's unsupported allegation, based on inadmissible hearsay, that Mr. Maglio was in California for <u>one</u> of the calls is not accepted as true when ruling on Retreaver's Motion pursuant to 12(b)(2). *Scott v.*

---

[3] Retreaver provided all of the authorities in this paragraph in its Motion. *See* Mot. at 12-13. Acquisition addresses none of these authorities in its Opposition.

*Breeland*, 792 F.2d 925, 927 (9th Cir. 1986); Evid. Objections at 3. Acquisition does not dispute that public records show the only Oscar Maglio in the United States resides in Florida, where HPJ Holdings is also located. RJN, Exs. 5-6.

**Third**, even if Acquisition had met its burden on the first two elements, it fails to address Retreaver's arguments why specific jurisdiction would violate due process. *See* Mot. at 14 n.8. Acquisition has, therefore, waived any grounds for opposing dismissal on that basis. *Personal Elec. Transports*, 313 F. App'x at 52 (parties "waived" argument by "failing to raise it in their opposition" to a motion to dismiss).

Thus, the factual bases of Acquisition's claims have no ties to California, where it is not even located, and the FAC should be dismissed for lack of personal jurisdiction.

### 3. Acquisition Has Not Met Its Burden To Obtain Jurisdictional Discovery

Jurisdictional discovery is not appropriate where, as here, "a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants[.]" *Pebble Beach Co.*, 453 F.3d at 1160. First, no law supports Acquisition's theory that passively making online content available in the United States in general, and not deliberately excluding California, can support personal jurisdiction in California court. *Supra* § II(A)(2). Second, Acquisition does not dispute the evidence showing that Mr. Pavlovsky's telephone calls were *not* purposefully directed to California, because (a) Mr. Pavlovsky did not solicit HPJ Holdings, (b) HPJ Holdings is a Florida entity, and (c) Mr. Maglio resides in Florida (if in the United States at all). *Id*. Adam Young's declaration attempting to refute these facts is almost entirely hearsay and inadmissible. Evid. Objections at 2-5. Jurisdictional discovery it not warranted. *See Smart Energy Today*, 2016 WL 8200432, at *3 (denying request for jurisdictional discovery where plaintiff did not contradict facts showing defendants were not subject to personal jurisdiction).

The controlling law and undisputed facts show that due process will not allow Acquisition to compel Retreaver's appearance in California federal court. Retreaver will briefly address Acquisition's myriad additional theories asserted in its Opposition, which are either irrelevant or refuted (on grounds that Acquisition ignores) in the Motion.

- Acquisition claims that Retreaver has an address in California, based on an <u>undated</u> Google search—but Retreaver did not and does not, and only <u>previously</u> listed that address on its corporate documents because it did not want to publicly disclose the home addresses of its employees. Opp. at 2-3; Kolesnikowicz Decl. ¶ 3.
- Acquisition claims that Retreaver "targeted" California with its AdWord campaign—it did not. Opp. at 3; Kolesnikowicz Decl. ¶ 16.
- Acquisition implies that it personally served Retreaver within the district—it did not. Opp. at 1; ECF No. 10.
- Acquisition states that Retreaver changed the choice of law and venue clauses in its Terms of Service after Acquisition filed suit, which is irrelevant, because those clauses would only support applying *Delaware* law to Retreaver in *Colorado* court, which Acquisition does not purport to do here. Opp. at 1; Mot. at 14 n.7; Kolesnikowicz Decl. ¶ 12.[4]

Notably absent from Acquisition's evidence are any materials from Mr. Maglio, which is odd given HPJ Holdings' seeming desire to help Acquisition with its case. In any event, these are distractions from the undisputed facts showing that the Court lacks jurisdiction over Retreaver, a foreign company with no presence in California.

**B.     Acquisition Has Failed To State A Claim**[5]

    **1.     The Court Should Not Convert Retreaver's Motion To A Rule 56 Motion**

---

[4] Acquisition attaches a Rule 11 letter that counsel for Retreaver sent to Acquisition's counsel, which has no bearing (Acquisition alleges none) on the Motion. Evid. Objections at 5. While Retreaver has serious concerns about the identity of the caller in Exhibits G and H—and the very existence of Mr. Maglio—whether the caller was third-party Mr. Maglio or an owner of Acquisition—leads to the same result: neither party is in California, and if it was Acquisition, it is "impermissibl[e]" for its "contacts with the defendant and forum to drive the jurisdictional analysis." *Axiom Foods*, 874 F.3d at 1070.

Acquisition also wholly misstates this case's procedural history, implying that it would not have stipulated to extend Retreaver's response date if it knew that Retreaver would move to dismiss. *See* Opp. at 1. That makes no sense, because *Acquisition filed* the stipulation, which it concedes shows that Retreaver "clearly intend[ed] to file these Motions." *Id.*; ECF No. 11. Counsel for Retreaver, Nina Boyajian, first contacted counsel for Acquisition, Marc Hankin, on August 23, 2019, to discuss this case and raised Retreaver's personal jurisdiction and fair use defenses at the time, informing him that Retreaver would likely move to dismiss. Thus, Acquisition has been aware for three months that Retreaver intended to bring its Motion. Retreaver has not submitted a declaration with these facts because they are irrelevant to its Motion, and it does not wish to convert its Motion under Rule 12(d), but should the Court wish to address this issue, Ms. Boyajian is at the Court's disposal to do so.

[5] Retreaver 12(b)(6) Motion is submitted only if the Court denies its 12(b)(2) Motion.

Acquisition improperly relies on non-judicially-noticeable declarations and exhibits in its Opposition to Retreaver's 12(b)(6) Motion. *See* Opp. at 5, 10-12. The Court should disregard these materials because they are not necessary to resolve the Motion. Fed. R. Civ. P. 12(d); *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1207 (9th Cir. 2007). If the Court converts the Motion under Rule 12(d), Retreaver submits the Declaration of Jason Kolesnikowicz and Evidentiary Objections as well, and requests that the Motion count as Acquisition's, not Retreaver's single Rule 56 motion allowed by the Court.

### 2. Retreaver's Use Of The Alleged Ringba Mark Was Nominative Fair Use

#### a. Nominative Fair Use Is Properly Decided On a Motion To Dismiss

Acquisition oddly argues that nominative fair use can only be asserted on a Rule 12(c) motion. Opp. at 8. That is not the law; rather, as stated in Retreaver's Motion, the Ninth Circuit recently affirmed the granting of motions to dismiss infringement claims based on nominative fair use. *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 897-98 (9th Cir. 2019); *see* Mot. at 16. Nominative fair use is also not a concession that a plaintiff has stated a claim of *infringement*, only that a defendant has used a mark (which is undisputed here). *New Kids on the Block v. News Am. Pub., Inc.*, 971 F.2d 302, 308 (9th Cir. 1992). Not all uses are infringement, and a concession of use is not an admission of infringement.

#### b. Retreaver's Use Of Ringba Was Nominative Fair Use

Acquisition does not dispute that Retreaver's alleged use of the "Ringba" mark in comparative advertising (as seen in FAC, Ex. F) is nominative fair use. *See* Mot. at 15-18; Opp. at 8 (arguing only that "the purchase of the Google AdWords campaign also gives rise to Claims 1-5"). Presumably Acquisition dropped claims regarding Exhibit F because it even more extensively uses Retreaver's trademarks and full, stylized logo—without permission—on websites that (inaccurately) purport to be third-party "objective" reviews of Retreaver. *See* RJN, Ex. 3; *Personal Elec. Transports*, 313 F. App'x at 52.

Acquisition is also incorrect that Retreaver's arguments only addressed the advertisements seen in Exhibit F and not the alleged purchase of the AdWord "Ringba." Acquisition argues that purchasing the AdWord is different from using "Ringba" in an

7

advertisement because "individuals searching for RINGBA are presented with the Retreaver advertisement ahead of that which they are actually searching for." Opp. at 9. But that assertion does not change the law that Retreaver is not required to use a "descriptive alternative" to refer customers interested in Acquisition's services to Retreaver, whether by an AdWord or otherwise. *Applied Underwriters*, 913 F.3d at 893-94; Mot. at 17. The AdWord also is not a use of "more of each individual mark than was necessary in terms of font and stylization," *id.* at 895, since a word entered into the Google search engine does <u>not</u> show the font or stylization that Acquisition may use with the alleged "Ringba" mark. Mot. at 17-18. Finally, as set forth in Retreaver's Motion, the AdWord does not imply any sponsorship by Acquisition because the "advertisements" that appeared when individuals entered the AdWord clearly stated that Retreaver was an "Alternative" to "Ringba." Mot. at 18; FAC, Ex. F; *Applied Underwriters*, 913 F.3d at 897 ("criticism of a product tends to negate the possibility of confusion as to sponsorship and endorsement") (citing *New Kids*, 971 F.2d at 308-09). The Court should dismiss Acquisition's claims in Counts 1-5 because any uses of the alleged Ringba mark, including as an AdWord, were nominative fair use.

### 3. Acquisition Has Not Stated A Claim For Defamation

#### a. A 12(b)(6) Motion To Dismiss Defamation Claims Is Proper

Acquisition argues—citing no authority—that motions to dismiss defamation claims are excluded from Rule 12(b)(6). Opp. at 9. That is not the law. *See Knievel v. ESPN*, 393 F.3d 1068, 1073 (9th Cir. 2005) ("[F]ederal courts may decide cases as a matter of law where the complaint fails to allege facts sufficient to state a claim upon which relief could be granted.") (affirming dismissal of defamation claim under 12(b)(6)).

#### b. The Common Interest Privilege Protects Retreaver's Statements

Cal. Civ. Code § 47(c) "codifies the common law privilege of common interest, which protected communications made in good faith on a subject in which the speaker and hearer shared an interest or duty[.]" *Kashian v. Harriman*, 98 Cal. App. 4th 892, 914 (2002). It is not limited to employee sexual harassment claims. In making that argument, Acquisition quotes the statute extensively, Opp. at 13, but conspicuously omits the first sentence:

8

> A privileged publication or broadcast is one made: . . .
>
> (c) In a communication, without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information.

Cal. Civ. Code § 47(c). The authorities cited by Retreaver (which Acquisition almost entirely fails to address) also make abundantly clear that the privilege is not limited to the employment relationship. *Hecimovich v. Encinal Schl. Parent Teacher Org.*, 203 Cal. App. 4th 450, 471-72 (2012) (protecting statements by parent teacher organization to other parents); *Gantry Constr. Co. v. Am. Pipe & Constr. Co.*, 49 Cal. App. 3d 186 (1975) (same, between commercial entities); *Kashian*, 98 Cal. App. 4th at 926-27 (same, between medical center and health care organization). That *Gantry* applied an earlier version of the statute is irrelevant, because it still required that statements be "made" "[i]n a communication, without malice, to a person interested therein, (1) by one who is also interested" to be privileged, *id.* at 197 (quoting from Cal. Civ. Code § 47), and Retreaver has satisfied the other current requirements of § 47(c) because Mr. Maglio directly requested the information from Retreaver. Mot. at 19.

        c.    <u>Acquisition Has Not Plausibly Alleged Defamation</u>

            i.    <u>Whether DNC.com Contacted Acquisition Is Not Defamatory</u>

Acquisition effectively concedes that Mr. Pavlovsky's statement that DNC.com viewed integrating with Acquisition as a "waste of" DNC.com's time is non-actionable opinion. Acquisition does not address Supreme Court law holding that "loose, figurative, or hyperbolic language" "negate[s] the impression" that a speaker is asserting a fact. *Milkovish v. Lorain Journal Co.*, 497 U.S. 1, 21 (1990); *see* Opp. at 10. Acquisition does not dispute that Mr. Pavlovsky couched his statements regarding DNC.com in this language of opinion, including that it would take "months and months and cost you lots and lots of money to even" to "consider to do an integration" with DNC.com (which is true given that Acquisition is

9

integrated with a competitor), and that Retreaver's competitors are "not easy to integrate as a system." FAC, Ex. H at 10:12-21. Instead, Acquisition argues that stating that DNC.com "contacted" it is defamatory—but Acquisition alleges no defamatory meaning—nor is there any—from falsely asserting a third-party "contacted" it. *See John Doe 2 v. Sup. Ct.*, 1 Cal. App. 5th 1300, 1317-18 (2016) (allegation of "common ownership," if false, not defamatory).

                ii.       <u>That CallAnalyticsSoftware.com is "Fake Reviews" Is Opinion</u>

Acquisition ignores controlling precedent in arguing that calling CallAnalyticsSoftware.com "fake reviews" is defamatory. Opp. at 10. Acquisition argues that the statement should be considered <u>apart</u> from its context, which it <u>concedes</u> contains language of opinion. *Id.* But the "context in which the statement appears is paramount in our analysis, and in some cases it can be dispositive." *Knievel*, 393 F.3d at 1075.

Here, Mr. Pavlovsky described a website that Acquisition pseudonymously operates and purports to provide objective third-party information regarding its competitors as "fake reviews," which is plainly a statement of opinion when read in context: "what I like to call,' unsavory tactics,'" or "[l]ike" "fake reviews." FAC, Ex. H at 22:15-23:2; *see Gardner v. Martino*, 563 F.3d 981, 988–89 (9th Cir. 2009) (statements that store was "lying to you" and "they went back on their word?" not assertions of fact); *ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th 993, 1013 (2001) (statements that business was a "scam" and "fraud" "statements of opinion and not fact," because they were "replete with explicit statements of opinion, such as 'IMO [in my opinion],' 'what I think is a fraud,' 'I firmly believe,' 'is that fraud?' and 'my guess is'"); *Summit Bank v. Rogers*, 206 Cal. App. 4th 669, 697-98 (2012) (statements that CEO "thinks that the Bank is her personel [sic] Bank to do with as she pleases" and is a "problem bank" were "name calling, exaggeration, and ridicule"— "nonactionable speech").[6] Retreaver agrees that impersonating third-party content online is a problem, *see* Opp. at 10, and the First Amendment allows Retreaver to express its view that Acquisition's covert operation of CallAnalyticsSoftware.com is "like" "fake reviews."

---

[6] Acquisition's owner's statement that CallAnalyticsSoftware.com is not "fake reviews" is itself his opinion, and extrinsic evidence that the Court should not consider when ruling on Retreaver's Motion. *See* Young Decl. ¶ 10; *supra* § II(B)(1); Evid. Obj. at 3.

           iii.       Retreaver Banned Acquisition's Owner

Acquisition takes issue with Mr. Pavlovsky implying that its owner engaged in a "racketeering scheme" on the Retreaver platform, for which it was banned, claiming that there was no "racketeering scheme," and it was not "banned" because it was not a customer. Opp. at 11-12. Those arguments miss the mark. Indeed, Acquisition's assertion that "substantially true" "just means false" (*id.*) squarely contradicts Supreme Court law.

> The common law of libel takes but one approach to the question of falsity, regardless of the form of communication. . . . It overlooks minor inaccuracies and concentrates upon substantial truth. . . . California law permits the defense of substantial truth and would absolve a defendant even if she cannot justify every word of the alleged defamatory matter; it is sufficient if the substance of the charge be proved true, irrespective of slight inaccuracy in the details.

*Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 516-17 (1991); *see* Mot. at 20.

The substantial truth defense protects Mr. Pavlovsky's statement that Acquisition was engaged in a "racketeering scheme" and was "banned" from Retreaver's platform. *First*, Acquisition has *never* refuted Mr. Pavlovsky's account of the tech support scam that Mr. Gevirtz perpetrated on the Retreaver platform, which violates Retreaver's Terms of Service. FAC ¶ 57; Ex. H at 19:16-20:9.; Mot. at 23:22-24:7.[7] Acquisition concedes that a website purporting to be owned by it maliciously downloaded malware onto visitors' computers. FAC ¶¶ 57, 59-61, 70. Thus, Mr. Pavlovsky's description of the tech support scam and malware as a "racketeering scheme" are substantially true. *See* Mot. at 24; *Gardner*, 563 F.3d at 988-89.

*Second*, Mr. Pavlovsky's statement that the tech support scam is "like" "almost" "you know" "a racketeering scheme" is a nonactionable lay person's opinion interpreting a statutory criminal offense. *Rodriguez v. Panayiotou*, 314 F.3d 979, 986 (9th Cir. 2002) ("statements by laypersons that purport to interpret the meaning of a statute" "are opinion statements, and not statements of fact"); *Greenbelt Co-op. Publ'g Ass'n v. Bresler*, 398 U.S.

---

[7] Even if the Court considers Mr. Young's improper declaration, he does not dispute the details of the tech support scam that Mr. Pavlovsky' described, only whether it rose to the level of a "racketeering scheme." *See* Young Decl. ¶ 12; Evid. Obj. at 4.

11

6 (1970) (characterizing a negotiating stance as "blackmail" not actionable because no one would have thought it was "charging" "the commission of a criminal offense" but rather as "rhetorical hyperbole, a vigorous epithet"); *ComputerXpress*, 93 Cal. App. 4th at 1013 (calling business a "scam" or "fraud" "statements of opinion and not fact").

*Third*, it is substantially true that Retreaver "banned" Acquisition's owner for the conduct that Mr. Pavlovsky described. As stated in Retreaver's Motion, Mr. Pavlovsky couched this statement with hyperbole and opinion, indicating to a reasonable listener that it was nonactionable "exaggeration," and also that the conduct violated Retreaver's Terms of Service. FAC, Ex. G at 9:16-19; *Summit Bank*, 206 Cal. App. 4th at 698-99; *see John Doe 2*, 1 Cal. App. 5th at 1317-18 (statements that plaintiff had "bad business practices" and "burned" a party nondefamatory hyperbole referring to conflict of interest). If the Court considers Mr. Young's declaration regarding the "racketeering scheme," Retreaver submits the Declaration of Jason Kolesnikowicz, which establishes that Retreaver "banned" Acquisition's owner for the conduct Mr. Pavlovsky described. *Id.* ¶¶ 3-5.

### iv.     Several "FTC Complaint[s]" Involve Acquisition's Owner

Acquisition cannot escape the fact that its owner has been named in numerous lawsuits and involved in FTC complaints. RJN, Exs. 10-15. Thus, Mr. Pavlovsky's statement "there was an FTC complaint," even if it implied that Acquisition was involved (which is *not* what Mr. Pavlovsky said), is substantially true, and not actionable. FAC, Ex. H at 21:23-22:1; *Masson*, 501 U.S. at 416-17 ("Minor inaccuracies do not amount to falsity so long as the substance, the gist, the sting, of the libelous charge be justified."); *Hughes v. Hughes*, 122 Cal. App. 4th 931, 936-39 (2004) ("our dad's a pimp" not defamatory where he had engaged in pimping).

### III.   CONCLUSION

Accordingly, Retreaver respectfully requests that the Court dismiss this case for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). Alternatively, Retreaver requests that the Court dismiss the FAC pursuant to Fed. R. Civ. P. 12(b)(6) with prejudice.

Dated:  December 16, 2019               Respectfully submitted,

12

GREENBERG TRAURIG, LLP


By: */s/ Nina D. Boyajian*
      Nina D. Boyajian
      Rebekah S. Guyon
Attorneys for Defendant Retreaver, Inc.