GREENBERG TRAURIG, LLP
NINA D. BOYAJIAN (SBN 246415)
*BoyajianN@gtlaw.com*
REBEKAH S. GUYON (SBN 291037)
*GuyonR@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Telephone: 310-586-7700
Facsimile: 310-586-7800

Attorneys for Defendant Retreaver, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ACQUISITION MANAGEMENT, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>RETREAVER, INC., and DOES 1-5, inclusive,<br><br>Defendants. | CASE NO.: 2:19-cv-06814-DSF-KS<br><br>**DEFENDANT RETREAVER, INC.'S EVIDENTIARY OBJECTIONS TO PLAINTIFF ACQUISITION MANAGEMENT, INC.'S EXTRINSIC EVIDENCE SUBMITTED IN SUPPORT OF OPPOSITION TO DEFENDANT RETREAVER, INC.'S MOTION TO DISMISS AND MOTION TO STRIKE**<br><br>[*Reply Memorandum of Points and Authorities; Declaration of Jason Kolesnikowicz; Supplemental Declaration of Stan Pavlovsky Filed Concurrently*]<br><br>Hearing Date:  December 30, 2019<br>Time:             1:30 p.m.<br>Room:           Courtroom 7D<br><br>Hon. Dale S. Fischer<br><br>Action Filed:  August 6, 2019<br>FAC Filed:     November 11, 2019 |

Defendant Retreaver, Inc. ("Retreaver") hereby submits these Evidentiary Objections to Plaintiff Acquisition Management, Inc.'s ("Acquisition") Declaration of Adam Young in Support of Opposition to Defendant Retreaver, Inc.'s Motion to Dismiss and Motion to Strike, ECF No. 29-1 ("Young Decl.") and Declaration of Marc E. Hankin in Support of Opposition to Defendant Retreaver, Inc.'s Motion to Dismiss and Motion to Strike ECF No. 29-2 ("Hankin Decl.").

**A.     General Objection**

Retreaver objects to the Young and Hankin Declarations filed in connection with Acquisition's opposition to Retreaver's motion pursuant to Rule 12(b)(6) and motion to strike ("Opposition") because non-judicially noticeable extrinsic evidence is not admissible for determining either motion. The Court "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989); *see Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (courts may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" without converting a Rule 12(b)(6) motion into a Rule 56 motion); *ASM Am., Inc. v. Genus, Inc.*, No. 01-2190 EDL, 2002 WL 24444, at *4 (N.D. Cal. Jan. 9, 2002) ("On a motion to strike, the Court is limited to considering the material appearing on the face of the pleadings. The Court cannot consider extrinsic evidence"). Acquisition's Declarations and exhibits beyond the pleadings are therefore irrelevant to the Court's ruling on this motion. Further, inclusion of this extrinsic evidence appears to be an attempt by Acquisition to deprive Retreaver of its single opportunity to move for summary judgment under the Court's Standing Order. Order re Motions for Summary Judgment at 2. The Court should disregard the Young and Hankin Declarations and attached exhibits when ruling on Retreaver's motion to dismiss pursuant to Rule 12(b)(6) and motion to strike.

**B.     Objections to Young Declaration**

Paragraph 2: Objection to Paragraph 2, which relies on Exhibit A to the Young Declaration, alleged results from an undated search that Mr. Young allegedly performed on the Google search engine, because Exhibit A contains a partially redacted date and is therefore incomplete in violation of Fed. R. Evid. 106.

Paragraph 4: Objection to the statement in Paragraph 4 that a recorded demonstration is "between Mr. Stan Pavlovsky of Retreaver and Mr. Oscar Maglio of HPJ Holdings" and the statement that the "recording was obtained by asking Mr. Maglio, who then sent the recording to Acquisition for use as Acquisition saw fit." These statements are (1) inadmissible hearsay in violation of Fed. R. Evid. 801 and 802; (2) not based on Mr. Young's personal knowledge in violation of Fed. R. Evid. 602; and (3) an attempt to testify on the transmission of the recording instead of producing the original record of transmission, in violation of Fed. R. Evid. 1002.

These statements are inadmissible hearsay in violation of Fed. R. Evid. 801 and 802 because: (1) Mr. Young was allegedly not present during either telephone conversation, and, therefore, his statement regarding who was present during the demonstration is based on out-of-court statements, ostensibly from Mr. Maglio describing the conversations; and (2) Mr. Young's statement that Mr. Maglio "sent the recording to Acquisition for use as Acquisition saw fit" is an out-of-court statement by Mr. Maglio.

These statements are not based on Mr. Young's personal knowledge in violation of Fed. R. Evid. 602 because he allegedly was not present during the demonstrations. Young Decl. ¶ 5.

To the extent Mr. Young claims that these statements are based on having listened to the recordings allegedly transcribed as Exhibits G and H to the FAC, that is either false, because the recordings do not identify Mr. Maglio's last name, or violates Fed. R. Evid. 1002, because the recordings speak for themselves.[1]

---

[1] Defined terms have the meaning provided in Retreaver's Motion to Dismiss, ECF No. 26, unless otherwise noted.

2

Paragraph 6: Objection to Paragraph 6 because it lacks foundation. Mr. Young asserts that internet search results for "ringba," attached as Exhibit C, show "a link to Retreaver's website was the first result." Exhibit C clearly shows that the link to Retreaver's website is an *ad*, not a search result. Rather, Acquisition's own website is the first result on the first page of Exhibit C.

Paragraph 8: Objection to the statement in Paragraph 8 that Retreaver conducted "two demonstrations with a person physically located in California" because Mr. Young (1) lacks personal knowledge regarding the physical location of any participants in the two demonstrations (because he allegedly was *not* a participant), in violation of Fed. R. Evid. 602; and (2) the statement is inadmissible hearsay because, to the extent that Mr. Young claims to have personal knowledge of the physical location of the individuals, he could only have gained such knowledge from reliance on hearsay statements by either Mr. Maglio, Mr. Pavlovsky, or "Brock," in violation of Fed. R. Evid. 801 and 802.

Paragraph 10: Objection to Paragraph 10 because (1) it is inadmissible expert testimony by a lay witness in violation of Fed. R. Evid. 701; and (2) its probative value is outweighed by its prejudicial effect under Fed. R. Evid. 403.

Specifically, Mr. Young's statement that the website CallAnalyticsSoftware.com "truthfully describes the features of the competitors" and "does not provide reviews" is his opinion, and a legal conclusion, which violates Fed. R. Evid. 701.

Further, even if Mr. Young's opinion were admissible, it should be excluded because its probative value is substantially outweighed by unfair prejudice under Fed. R. Evid. 403. Mr. Young is an owner of Acquisition and CallAnalyticsSoftware.com, and, therefore cannot objectively describe the information on CallAnalyticsSoftware.com as it relates to Acquisition's defamation claim against Retreaver. *See* FAC ¶ 76.

Paragraph 11: Objection to Paragraph 11 because it (1) is irrelevant under Fed. R. Evid. 401; (2) lacks authentication or identifying evidence for the alleged "collected data," in violation of Fed. R. Evid. 901; (3) is inadmissible hearsay in violation of Fed. R. Evid.

801 and 802; and (4) is an attempt to testify to the findings of the data rather than producing the original collected data, in violation of Fed. R. Evid. 1002.

First, whether users of CallAnalyticsSoftware.com visit Retreaver's website is not relevant to whether (a) the Court has personal jurisdiction over Retreaver, a foreign defendant, (b) Acquisition has stated a plausible claim against Retreaver for trademark infringement or defamation, or (c) Exhibits G and H to the FAC should be stricken. Indeed, Acquisition alleges no relevance to this assertion in its Opposition.

Second, the alleged "collected data" that Mr. Young references is not identified, authenticated, or attached, and does not, therefore, satisfy Fed. R. Evid. 901. Mr. Young has failed to provide any information regarding the custodian, location, or history of the "collected data," in violation of Fed. R. Evid. 901; he does not even claim to be the custodian of the unidentified data that he references.

Third, Mr. Young's statements regarding the meaning of the undefined "collected data" are inadmissible hearsay, because Mr. Young references out-of-court documents offered for the truth of the matter asserted, in violation of Fed. R. Evid. 801 and 802.

Lastly, Mr. Young's statements attempt to testify on the contents of the "collected data" instead of producing the original data itself, in violation of Fed. R. Evid. 1002.

Paragraph 12: Objection to Paragraph 12 because it is inadmissible expert testimony by a lay witness in violation of Fed. R. Evid. 701. Whether Acquisition has ever "run any sort of 'racketeering scheme'" is Mr. Young's impermissible lay opinion on the meaning and application of the law.

Paragraph 13: Objection to Paragraph 13 because it is inadmissible expert testimony by a lay witness in violation of Fed. R. Evid. 701. Whether it is substantially true that "Retreaver banned Acquisition" is Mr. Young's impermissible lay opinion on the meaning and application of the law.

Paragraph 15: Objection to the statement in Paragraph 15 that "Acquisition obtained the recordings by simply asking Mr. Maglio" because this statement (1) is inadmissible hearsay in violation of Fed. R. Evid. 801 and 802; (2) is not based on

personal knowledge of the witness in violation of Fed. R. Evid. 602; and (3) is an attempt to testify to the transmission of the recordings instead of producing the original record of transmission, in violation of Fed. R. Evid. 1002.

Mr. Young's statement that he "obtained the recordings by simply asking Mr. Maglio" is an out-of-court statement submitted for the truth of the matter asserted in violation of Fed. R. Evid. 801 and 802.

Mr. Young does not claim to have personally spoken with Mr. Maglio to allegedly obtain the recordings; he states that "Acquisition" did. Mr. Young, therefore, lacks the personal knowledge required to describe the conversation and the transaction, in violation of Fed. R. Evid. 602.

Mr. Young's alleged characterization of written correspondence between "Acquisition" and "Mr. Maglio," in which Mr. Maglio allegedly provides the recording to Acquisition, instead of attaching and authenticating the correspondence, violates Fed. R. Evid. 1002.

Paragraph 16: Objection to the statement in Paragraph 16 that "Mr. Maglio consented to its disclosure" because this is inadmissible hearsay in violation of Fed. R. Evid. 801 and 802.

Objection to the statement in Paragraph 16 that "Mr. Maglio was the person to whom the telephonic communication was directed" because this statement is not based on Mr. Young's personal knowledge (since he was allegedly not present during the conversations), in violation of Fed. R. Evid. 602.

## C. **Objection to Hankin Declaration**

Objection to the Hankin Declaration and Exhibit D because they are irrelevant under Fed. R. Evid. 401. Whether the parties dispute the true identity of the alleged third-party participating in the conversations transcribed as Exhibits G and H to the FAC is not relevant to whether (a) the Court has jurisdiction over Retreaver, a foreign defendant, (b) Acquisition has stated a plausible claim against Retreaver, or (c) Exhibits G and H should be stricken.

Dated: December 16, 2019               Respectfully submitted,

                                       GREENBERG TRAURIG, LLP


                                       By: */s/ Nina D. Boyajian*
                                           Nina D. Boyajian
                                       Attorneys for Defendant Retreaver, Inc.