# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACQUISITION MANAGEMENT, INC., <br>       Plaintiff, <br><br>       v. <br><br> RETREAVER, INC., et al., <br>       Defendants. | CV 19-06814-DSF (KS) <br><br> Order GRANTING Defendant's Motion to Dismiss (Dkt. 26) and DENYING Defendant's Motion to Strike as Moot (Dkt. 28) |

    Defendant Retreaver, Inc. moves to dismiss Plaintiff Acquisition Management, Inc.'s First Amended Complaint (FAC). Dkt. 26 (Mot.). Plaintiff opposes. Dkt. 29 (Opp'n). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

## I. BACKGROUND

    Plaintiff is a citizen of Wyoming that provides pay-per-call and telephone call data analytics services within the United States and internationally. Dkt. 25 (FAC) ¶¶ 15, 18. Defendant is a citizen of Canada[1] that competes with Plaintiff. Id. ¶¶ 16, 25. Plaintiff is the owner of a trademark for its product, Ringba. Id. ¶ 19. Defendant purchased the word "Ringba" in Google AdWords (AdWords).[2] Id. ¶ 27.

---

[1] Defendant is also a citizen of Delaware. Dkt. 26-2 (Kolesnikowicz Decl.) ¶ 3.

[2] "An AdWord is a word or phrase that, when entered as a search term in Google, prompts Google to display an advertisement designed by the AdWord owner linking to the owner's website. . . . When a Google user searches that

When someone searched the word "Ringba" on Google, Defendant's website would be the first result shown.  Id.  Google later barred Defendant from using "Ringba" in AdWords.  Id. ¶ 28.  However, Defendant continued to purchase new advertisements including the term "Ringba."  Id. ¶ 29.  When Defendant's website appears on Google, the heading of the sponsored ads referred to a "Ringba Alternative" and does not mention Defendant.  Id. ¶ 32.

Stanislav Pavlovsky, an employee of Defendant, provided demonstrations of Defendant's services to a potential customer.  See id. ¶ 38.  Plaintiff alleges that Pavlovsky "solicited a California Entity to purchase Defendant's services" and that the demonstrations were provided to the "California Entity."  Id. ¶¶ 37-38.  Plaintiff alleges that Pavlovsky made false statements about Plaintiff during those demonstrations.  See id. ¶¶ 40-41.

Plaintiff brought this lawsuit against Defendant for trademark infringement, false designation of origin, trademark dilution, unfair competition, and defamation.

## II. LEGAL STANDARDS

### A.   Motion to Dismiss for Lack of Personal Jurisdiction

"When a defendant moves to dismiss for lack of personal jurisdiction [under Rule 12(b)(2)], the plaintiff bears the burden of demonstrating that the court has jurisdiction."  In re W. States Wholesale Nat. Gas Antitrust Litig., 715 F.3d 716, 741 (9th Cir. 2013), aff'd sub nom. Oneok, Inc. v. Learjet, Inc., 575 U.S. 373 (2015).  If the motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make "a prima facie showing of jurisdictional facts to withstand the motion to dismiss," and the court resolves all contested facts in favor of the plaintiff.  Id. (citation and

---

phrase, Google returns both a list of relevant websites as determined by its own algorithm and advertisements for companies . . . interested in targeting people who have searched that phrase."  CollegeSource, Inc. v. AcademyOne, Inc., 653 F.3d 1066, 1071 (9th Cir. 2011).

internal quotation marks omitted). In determining whether plaintiff has made this prima facie showing, "plaintiff need only demonstrate facts that if true would support jurisdiction over defendant." Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995). A plaintiff may not, however, establish jurisdiction by alleging bare jurisdictionally-triggering facts without providing some evidence of their existence. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986) (citation omitted). Rather, the plaintiff is "obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." Id.

"Personal jurisdiction over a nonresident defendant is tested by a two-part analysis." Chan v. Soc'y Expeditions, Inc., 39 F.3d 1398, 1404 (9th Cir. 1994). "First, the exercise of jurisdiction must satisfy the requirements of the applicable state long-arm statute." Id. "Second, the exercise of jurisdiction must comport with federal due process." Id. at 1404-05. Where there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits. Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1110 (9th Cir. 2002). California permits "[a] court of [the] state [to] exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Civ. Proc. Code § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States"); see also Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003) ("California's long-arm statute allows courts to exercise personal jurisdiction over defendants to the extent permitted by the Due Process Clause of the United States Constitution"); Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990) (holding that California's statutory limitation is "coextensive with the outer limits of due process under the state and federal constitutions, as those limits have been defined by the United States Supreme Court"). Because California's long-arm statute reaches as far as due process allows, see C.C.P. § 410.10, the Court need only consider whether the exercise of jurisdiction comports with due process.

Jurisdiction comports with due process only if the defendant has "certain minimum contacts with [the forum] such that the maintenance

of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).  Personal jurisdiction may be either general or specific.  See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 nn. 8 & 9 (1984).  "General jurisdiction exists when a defendant is domiciled in the forum state or his activities there are 'substantial' or 'continuous and systematic.'" Panavision Intern., L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998) (quoting Helicopteros, 466 U.S. 408 at 414-16); Dole Food, 303 F.3d at 1111.  "Specific jurisdiction" exists where the claim for relief arises directly from defendant's contacts with the forum state.  See AT&T Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996).

### III. DISCUSSION

Plaintiff argues that this Court has specific personal jurisdiction over Defendant.  See Opp'n at 5.[3]  Plaintiff contends that Retreaver's allegedly infringing AdWords campaign targeted California and that Pavlovsky made the alleged defamatory statements to a potential customer in California.  Opp'n at 3-4.

A court may constitutionally exercise specific jurisdiction over a non-resident defendant if:

> (1) The non-resident defendant . . . purposefully direct[s] his activities or consummate[s] some transaction with the forum or resident thereof; or perform[s] some act by which

---

[3] Because Plaintiff does not assert general personal jurisdiction, the Court does not see the relevance of the fact that Google purportedly identifies a "physical address in San Francisco, California . . . to be an office maintained by Retreaver." Opp'n at 2.  And even if general jurisdiction were claimed, Defendants have declared that the San Francisco address was never Defendant's office, that Defendant has never operated an office in California, and Defendant never conducted any business out of that address. Kolesnikowicz Decl. ¶¶ 3-4, 8.  Moreover, Defendant is not licensed to do business in California and has never paid California state income taxes. Id. ¶¶ 7, 10.  This Court does not have general jurisdiction over Defendant.

4

> he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim . . . arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction . . . comport[s] with fair play and substantial justice, i.e. it must be reasonable.

Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1227-28 (9th Cir. 2011) (emphasis deleted) (quoting Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004)).  The plaintiff "bears the burden of satisfying the first two prongs," but once it does, "the burden then shifts to [the defendant] to set forth a 'compelling case' that the exercise of jurisdiction would not be reasonable."  Id. at 1228.  Because Plaintiff's arguments fail under the first prong, the Court does not address whether the claims arose out of the forum-related activities or whether an exercise of jurisdiction would be reasonable.

"The first prong of the specific jurisdiction test refers to both purposeful direction and purposeful availment. . . . [I]n cases involving tortious conduct, we most often employ a purposeful direction analysis." Mavrix, 647 F.3d at 1228; Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp., 905 F.3d 597, 605 (9th Cir. 2018) ("[A] purposeful direction analysis naturally applies in suits sounding in tort where the tort was committed outside the forum state").  Both trademark and defamation claims sound in tort and therefore the purposeful direction test is appropriate here.  See Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1321 (9th Cir. 1998) (purposeful direction test applies to trademark claim), holding modified by Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199 (9th Cir. 2006); Norris v. Oklahoma City Univ., 21 F.3d 1115 (9th Cir. 1994) (applying purposeful direction in defamation case).  To show purposeful direction, Plaintiff must show that Defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state."  Freestream, 905 F.3d at 605 (quoting Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1128 (9th Cir. 2010)).

A.     AdWord Campaign

Plaintiff argues that Defendant's "intentional act" of purchasing the "Ringba" Adword was "expressly aimed" at California because the AdWords campaign did not specifically exclude California. See Opp'n at 7. In other words, because Defendant's ads "reached California," they "targeted California." Id. at 3. However, there is no allegation that Defendant encouraged California residents to click on its advertisements or visit its website, or that it targeted California customers in any way. As Defendant explains, "[t]he AdWord that [it] purchased and its advertisement displayed in Google search engine results . . . to individuals who may use the Google search engine anywhere in the United States." Mot. at 13.

The Ninth Circuit has held that "an internet domain name and passive website alone are not . . . enough to subject a party to jurisdiction." Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1158 (9th Cir. 2006). "In determining whether a nonresident defendant has done 'something more,'" thereby subjecting it to specific personal jurisdiction, the Ninth Circuit has considered "the interactivity of the defendant's website, . . . geographic scope of the defendant's commercial ambitions, . . . and whether the defendant 'individually targeted' a plaintiff known to be a forum resident." Mavrix, 647 F.3d at 1229. Here, the only potentially relevant factor would be the geographic scope of Defendant's commercial ambitions (there is no evidence about the interactivity of Defendant's website and Plaintiff is not a forum resident). However, Plaintiff cites to no cases supporting the claim that failing to prevent an advertisement from appearing in a certain state constitutes express aiming toward that state. Therefore, the Court finds that advertising nationally without specifically excluding California is insufficient conduct to constitute express aiming. In the cases where the court found the requisite "something more," there was "more." See, e.g., CollegeSource, 653 F.3d at 1071, 1077-78 (defendant had specifically targeted California by purchasing "several Google AdWords that

6

include the term 'California,'" such as "California college transfer," and was intending to compete with a resident plaintiff); Mavrix, 647 F.3d at 1222, 1230 (defendant's website had, among other things, "third-party advertisements for jobs, hotels, and vacations in California," a link to a third-party vendor that sold tickets to events in California, and a "specific focus on the California-centered celebrity and entertainment industries.").

Moreover, there is no indication that any harm was suffered in California. Plaintiff is domiciled in Wyoming, FAC ¶ 15, and Defendant has submitted a declaration that no sales were generated from the allegedly infringing advertisements, Kolesnikowicz Decl. ¶ 15. Plaintiff's evidence that "when physically located in California . . . a link to Retreaver's website was the first result" of a search for "Ringba" on Google, Dkt. 29-1 (Young Decl.) ¶ 6, does not establish harm in California. In Mavrix, the Ninth Circuit found that harm was suffered in Florida, plaintiff's principal place of business, and California because "[a] substantial part of the [allegedly infringing] photos' value was based on the fact that a significant number of Californians would have bought publications such as *People* and *Us Weekly* in order to see the photos." 647 F.3d at 1231-32. Unlike in Matrix, there is no evidence here that the value of Defendant's advertisements was based in large part on the acquisition of California customers. To the contrary, there are no allegations or evidence that Defendant's advertisements were intended to target potential new California customers. The only evidence in the record shows that Defendant has seven California customers accounting for less than 2% of its revenue in 2019 (and less in 2018). Kolesnikowicz Decl. ¶ 11.

## B.  Alleged Defamatory Statements

Plaintiff argues that Defendant "knowingly solicited an individual in California, thereby availing itself of the benefits of the laws of California."  Opp'n at 7.[4]  The "individual in California" is apparently Oscar Maglio of HPJ Holdings.  Id. at 4.[5]  However, Plaintiff did not submit a declaration from Maglio declaring that he was in California at the time, or that he had any other connection to California.[6]  Instead, Plaintiff relies solely on a transcript of a business demonstration[7] between Maglio and Pavlovsky to show that "Mr. Maglio [wa]s physically located in California at the time of the demo."  Id. ("Mr. Maglio states his appointment time as '1:00 p.m. today, Pacific' and Mr. Pavlovsky confirms that Mr. Maglio is in California."); see also FAC, Ex. G at 6:4-5 (Q: "And you're in California" A: "Yeah.").  This is insufficient to establish express aiming.  Beyond the fact that

---

[4] As noted above, because the claims here sound in tort and not contract, and because Pavlovsky was not in California when he made the alleged defamatory statements, the purposeful direction test, not the purposeful availment test, applies.  See Picot v. Weston, 780 F.3d 1206, 1212 (9th Cir. 2015) ("For claims sounding in tort, we instead apply a 'purposeful direction' test"); cf. Freestream, 905 F.3d at 603 (applying purposeful availment where defendant made the allegedly defamatory statement while present in the forum state).

[5] There is no evidence as to the citizenship or location of "Brock," who purportedly participated in the second telephonic demonstration.

[6] On the other hand, Defendant has requested judicial notice of Entity Detail Information of HPJ Holdings, Inc. and the results of a public records search for "Oscar Maglio."  Dkt. 27 (RJN), Exs. 5, 6.  The Court grants Defendant's unopposed request for judicial notice of Exhibits 5 and 6.  Fed. R. Evid. 201(b).  These documents show that HPJ Holdings is an inactive Florida corporation that was administratively dissolved in 2018 and the name "Oscar Maglio" is connected to an address in Miami, Florida.

[7] Defendant moves to strike the demonstration transcripts as being recorded and disclosed in violation of California Penal Code Sections 632 and 637.  Dkt. 28 (MTS).  However, because the Court finds it does not have personal jurisdiction over Defendant, the MTS is denied as moot.

8

Maglio's purported statements are hearsay and therefore cannot establish that Maglio was in fact in California at the time of the call, Maglio requested the demonstration, not the other way around, and Pavlovsky declares that he "did not know who Oscar was or what company he worked for" prior to the July 4 call.  Dkt. 31-1 (Suppl. Pavlovsky Decl.) ¶ 2.  That Maglio may have been in California during the call is exactly the kind of "random" and "fortuitous" contacts, the result of unilateral activity of a third-party, that the Supreme Court has found insufficient to establish purposeful direction.  See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (first quoting Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774 (1984); then quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 299 (1980); then quoting Helicopteros, 466 U.S. at 417); see also Gunn v. Wild, 771 F. App'x 392, 393 (9th Cir. 2019) ("sen[ding] a defamatory email to one of [plaintiff's] brothers who is a Nevada resident does not constitute express aiming at Nevada because Nevada was not the focal point of the defamation" (internal citations omitted)).[8]

     Moreover, even though Maglio was purportedly in California at the time the alleged defamatory statement was made, there is no evidence that the harm was suffered in California.  Plaintiff is a resident of Wyoming and, although Defendant's allegedly defamatory remarks were heard by a person purportedly physically located in California, there is no evidence that Maglio had any connection to California beyond temporary presence.  Cf. Keeton, 465 U.S. at 776 (where nonresident defendant makes allegedly libelous statements

---

[8] Although Pavlovsky continued to provide the demonstration to Maglio after becoming aware he was purportedly "in California," there is no evidence that he was attempting to solicit California business or that any business was actually transacted with a California entity or citizen.  See Sinatra v. Nat'l Enquirer, Inc., 854 F.2d 1191, 1195 (9th Cir. 1988) ("[T]he solicitation of business in the forum state that results in business being transacted or contract negotiations will probably be considered purposeful availment.")

9

about a nonresident plaintiff, resident readers of the allegedly false statement are harmed).

## IV. CONCLUSION

Defendant's motion to dismiss for lack of personal jurisdiction is GRANTED without prejudice to Plaintiff re-filing in a court that has personal jurisdiction over Defendant. Defendant's motion to strike is DENIED as moot.

IT IS SO ORDERED.

Date: January 22, 2020  _____
Dale S. Fischer
United States District Judge