GREENBERG TRAURIG, LLP
NINA D. BOYAJIAN (SBN 246415)
*BoyajianN@gtlaw.com*
REBEKAH S. GUYON (SBN 291037)
*GuyonR@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Telephone: 310-586-7700
Facsimile: 310-586-7800

Attorneys for Defendant Retreaver, Inc.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| ACQUISITION MANAGEMENT, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RETREAVER, INC., and DOES 1-5, inclusive, <br><br> Defendants. | CASE NO.: 2:19-cv-06814-DSF-KS <br><br> **DEFENDANT RETREAVER, INC.'S NOTICE OF MOTION AND MOTION FOR AWARD OF JUST COSTS PURSUANT TO 28 U.S.C. § 1919** <br><br> [*Declaration of Nina D. Boyajian; Proposed Order filed concurrently*] <br><br> Hearing Date: March 23, 2020 <br> Time:            1:30 p.m. <br> Room:          Courtroom 7D <br><br> Hon. Dale S. Fischer <br><br> Action Filed: August 6, 2019 <br> FAC Filed:    November 11, 2019 |

ACTIVE 48625543

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 23, 2020 at 1:30 p.m., in Courtroom 7D of the above-captioned Court, located at 350 West 1st Street, Los Angeles, California, Defendant Retreaver, Inc. ("Retreaver") will and hereby does respectfully move for an award of its just costs incurred in asserting its defense for lack of personal jurisdiction pursuant to 28 U.S.C. § 1919 and this Court's January 22, 2020 Judgment, ECF No. 35, awarding Retreaver its "just costs."

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, all pleadings and files in this matter, the Declaration of Nina D. Boyajian and exhibits thereto, and upon such other and further oral or documentary evidence as may be presented to the Court at or prior to the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to Central District of California Local Rule 7-3. Counsel for the parties met and conferred to discuss the substance of Retreaver's motion on February 5, 2020. Counsel for Acquisition Management, Inc. indicated that he would not oppose the Motion, to the extent that Retreaver provides evidence of its costs incurred that it is seeking.

Dated: February 5, 2020

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: /s/ Nina D. Boyajian
Nina D. Boyajian
Rebekah S. Guyon
Attorneys for Defendant Retreaver, Inc.

1

ACTIVE 48625543

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................ 1

    I.     INTRODUCTION ................................................................................................. 1
    II.    LEGAL STANDARD ........................................................................................... 1
    III.   ARGUMENT ......................................................................................................... 1

         A.    An Award Of $52.00 For Retreaver's Service Fees Is Appropriate ............................................................................................ 1
         B.    An Award Of $340.60 For Public Records Searches Is Appropriate ............................................................................................ 2
         C.    An Award Of $1,968.75 For Private Investigator's Fees Is Appropriate ............................................................................................ 3
         D.    An Award Of $5,398.83 For Legal Research Costs Is Appropriate ............................................................................................ 4

    IV.   CONCLUSION ...................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**
**Federal Cases**

*Alflex Corp. v. Underwriters Labs., Inc.*,
   914 F.2d 175 (9th Cir. 1990) .................................................................................. 2

*Atwood v. PCC Structurals, Inc.*,
   3:14-CV-00021-HZ, 2016 WL 2944757 (D. Or. Apr. 1, 2016) ..................................... 3

*Operating Engineers Health and Welfare Tr. Fund for N. California v. CEM Builders, Inc.*,
   17-CV-03524-EDL, 2018 WL 1664691 (N.D. Cal. Jan. 26, 2018) .............................. 4

*Otay Land Co. v. United Enters. Ltd.*,
   672 F.3d 1152 (9th Cir. 2012) .................................................................................... 1

*Rickley v. Cnty. of Los Angeles*,
   CV084918SVWAGRX, 2009 WL 10678226 (C.D. Cal. Aug. 14, 2009) ..................... 4

*Sprint Sols., Inc. v. Cell Wholesale, Inc.*,
   SACV15878JLSJCGX, 2016 WL 875384 (C.D. Cal. Mar. 7, 2016) ............................ 3

*Stewart Title Guar. Co. v. 2485 Calle Del Oro, LLC*,
   15-CV-2288-BAS(WVG), 2018 WL 3752567 (S.D. Cal. Aug. 7, 2018) ....................... 3

**Federal Statutes**

28 U.S.C. § 1919 ............................................................................................................... 1

**Rules**

C.D. Cal. L.R. 54-8 ............................................................................................................ 1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This Court awarded Defendant Retreaver, Inc. ("Retreaver") its "just costs" pursuant to 28 U.S.C. § 1919 following the Court's dismissal of Plaintiff Acquisition Management, Inc.'s ("Acquisition") First Amended Complaint for lack of personal jurisdiction. Judgment at 1 (Jan. 22, 2020), ECF No. 35. Retreaver requests an award of $7,790.18 in costs that it necessarily obtained in preparing its personal jurisdiction defense. This award is fair and equitable under the circumstances of this case.

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C § 1919, a court may award "just costs" "whenever any action or suit is dismissed in any district court . . . ." 28 U.S.C. § 1919. An award of costs under Section 1919 involves a two-step analysis: First, whether an award would be "fair and equitable under the totality of the circumstances" of a case, and second, "the appropriate amount of costs." *Otay Land Co. v. United Enters. Ltd.*, 672 F.3d 1152, 1157 (9th Cir. 2012). Here, the Court has already determined that the first criteria is met and an award of costs to Retreaver would be fair and equitable. *See* Judgment at 1. With regards to the second step, in determining the scope of costs that are appropriate, a court may consider the items taxable as costs under 28 U.S.C. § 1920, but Section 1920 "does not bind the district court in awarding costs under § 1919; instead, at its discretion, the court may award any costs it deems 'just.'" *Otay*, 672 F.3d at 1160 & n.5; *see* C.D. Cal. L.R. 54-8 (providing that motions for awards of costs "under 28 U.S.C. § 1919" are not governed by Federal Rule of Civil Procedure 54 and Local Rules 54-2 and 54-3, or the Bill of Costs procedure).

## III.  ARGUMENT

### A.    An Award Of $52.00 For Retreaver's Service Fees Is Appropriate

Retreaver incurred $52.00 in service fees delivering chambers copies of its Stipulated Protective Order, notices of appearances, Corporate Disclosure Statements (ECF Nos. 16-18), and of its Motion to Dismiss (ECF No. 26) to the Court. Boyajian

1

Decl. ¶ 3, Exs. 1 and 2. These fees were necessarily incurred in the assertion and maintenance of Retreaver's personal jurisdiction defense. The Motion to Dismiss sets forth the grounds on which the Court ultimately held it lacked personal jurisdiction over Retreaver. *See* Motion to Dismiss at 9-11. The Stipulated Protective Order was also necessary to Retreaver's defense because its protections allowed counsel for Retreaver to disclose confidential information to counsel for Acquisition that, counsel for Retreaver hoped, could have led to a resolution of Acquisition's claims without the need for motion practice, including on the issue of the Court's personal jurisdiction over Retreaver. Boyajian Decl. ¶ 3. These costs are taxable under Section 1920 and are reasonable to award here. *See Alflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 178 (9th Cir. 1990) ("We also hold that private process servers' fees are properly taxed as costs" under "Section 1920").

**B.     An Award Of $340.60 For Public Records Searches Is Appropriate**

Retreaver incurred $340.60 in public records searches in asserting and maintaining its personal jurisdiction defense. Boyajian Decl. ¶ 4, Ex. 3.[1] These costs included public records searches into the address that Acquisition claimed was associated with Retreaver in California, retrieving public records evidencing Retreaver's company formation (to refute Acquisition's argument that it operates out of a California address), and public records searches into "Oscar Maglio" and HPJ Holdings, Inc. to address Acquisition's argument that Retreaver solicited a California entity. *Id.* ¶ 4. The evidence that Retreaver developed from these public records searches was used in its Request for Judicial Notice (ECF No. 27) which Acquisition did not oppose, and which the Court granted and cited in its order dismissing Acquisition's claims for lack of personal jurisdiction. Order Granting Defendant's Motion to Dismiss (Dkt. 26) and Denying Defendant's Motion to Strike as Moot (Dkt. 28) at 6 n.5 (Jan. 22, 2020), ECF No. 34. These costs, therefore, were

---

[1]     Counsel for Retreaver provided Retreaver a courtesy discount that resulted in counsel for Retreaver writing off $71.04 of the public records search costs incurred by Retreaver. Boyajian Decl. ¶ 5. Nevertheless, these costs were incurred in asserting and maintaining the personal jurisdiction defense. *Id.* ¶ 4.

necessarily incurred in the preparation of Retreaver's personal jurisdiction defense. Indeed, in other contexts also not limited by the scope of costs awardable under Section 1920, courts have held that public records searches are "reasonable out-of-pocket expenses incurred as part of [a] litigation." *Atwood v. PCC Structurals, Inc.*, 3:14-CV-00021-HZ, 2016 WL 2944757, at *13 (D. Or. Apr. 1, 2016) (awarding the cost of public record searches as costs pursuant to 29 U.S.C. § 2617(a)(3)).

C.     **An Award Of $1,998.75 For Private Investigator's Fees Is Appropriate**

Retreaver incurred $1,998.75 in private investigator fees in preparing its personal jurisdiction defense. This includes fees associated with the private investigator's research into Oscar Maglio and HPJ Holdings—the alleged individual in California and "California Entity," respectively—which Retreaver used in its Request for Judicial Notice and its Motion to Dismiss, both of which were granted by the Court. Boyajian Decl. ¶ 6, Exs. 1 and 4.[2] Retreaver does business worldwide, and Acquisition provided no evidence to support its claim that HPJ Holdings was a "California Entity." Retreaver, therefore, retained the private investigator to research, among other things, whether any company with the name HPJ Holdings worldwide could have been tied to Acquisition's allegations in the First Amended Complaint. The public records search and investigator's research revealed that no such entity was the "California Entity" referenced by Acquisition. *Id.* ¶¶ 4, 6. Retreaver submitted evidence based on the private investigator's findings in its Request for Judicial Notice, which supported its Motion to Dismiss for lack of personal jurisdiction, both of which were granted by the Court. Boyajian Decl. ¶ 6. In the Ninth Circuit, courts "have consistently awarded investigative costs in trademark cases arising under the Lanham Act," which, like Section 1919, is not limited in scope to the costs that are taxable under Section 1920. *Sprint Sols., Inc. v. Cell Wholesale, Inc.*, SACV15878JLSJCGX, 2016 WL 875384, at *5 (C.D. Cal. Mar. 7, 2016); *Stewart Title Guar. Co. v. 2485 Calle Del Oro, LLC*, 15-CV-2288-BAS(WVG), 2018 WL 3752567, at

---

[2]     To be clear, Retreaver is not requesting private investigator fees that were incurred investigating other theories for its defense. Boyajian Decl. ¶ 6.

3

\*2 (S.D. Cal. Aug. 7, 2018) (awarding private investigator fees incurred to "effectuate service" as a cost under Federal Rule 54(d)); *Rickley v. Cnty. of Los Angeles*, CV084918SVWAGRX, 2009 WL 10678226, at \*6 (C.D. Cal. Aug. 14, 2009) (awarding private investigator fees to prevailing party under 42 U.S.C. § 1988), *aff'd on relevant grounds*, 654 F.3d 950 (9th Cir. 2011). For these reasons, the private investigator fees incurred by Retreaver are just to award under the circumstances of this case.

**D.      An Award Of $5,398.83 For Legal Research Costs Is Appropriate**

Retreaver incurred $5,398.83 in electronic legal research costs asserting and maintaining its defense on personal jurisdiction grounds. Boyajian Decl. ¶ 7, Ex. 1.[3] This amount excludes legal research into the merits of Acquisition's claims, or supporting Retreaver's Motion to Strike, ECF No. 28. *Id.* ¶ 7. Greenberg Traurig normally bills its clients for these legal research costs, because its subscriptions with Westlaw and LexisNexis do not provide Greenberg Traurig with unlimited document retrieval and search capabilities in exchange for a single monthly fee. *Id.* ¶¶ 7-8. Courts regularly award the costs associated with electronic legal research services where, as here, the statutory authority for awarding costs is not limited to the items taxable under Section 1920. *See Operating Engineers Health and Welfare Tr. Fund for N. California v. CEM Builders, Inc.*, 17-CV-03524-EDL, 2018 WL 1664691, at \*11 (N.D. Cal. Jan. 26, 2018) (awarding legal research costs pursuant to 29 U.S.C. § 1132 (g)(2)(D)), *report and recommendation adopted*, 17-CV-03524-JD, 2018 WL 1626688 (N.D. Cal. Apr. 4, 2018). These legal research costs were necessary for Retreaver to prepare its personal jurisdiction defense, and they are, therefore, just to award under Section 1919.

---

[3]     Counsel for Retreaver provided Retreaver a courtesy discount that resulted in counsel for Retreaver writing off $4,891.11 of the legal research costs incurred by Retreaver. Boyajian Decl. ¶¶ 7-9. Nevertheless, these costs were incurred in asserting and maintaining the personal jurisdiction defense. *Id.*

4

## IV.   CONCLUSION

For the foregoing reasons, Retreaver respectfully requests that the Court award it $7,790.18 in just costs, reasonably and necessarily incurred in support of its defense to Acquisition's claims for lack of personal jurisdiction.

Dated:  February 5, 2020                    Respectfully submitted,

                                          GREENBERG TAURIG, LLP


                            By:  */s/ Nina D. Boyajian*
                                 Nina D. Boyajian
                                 Rebekah S. Guyon
                               Attorneys for Defendant Retreaver, Inc.