GREENBERG TRAURIG, LLP
NINA D. BOYAJIAN (SBN 246415)
*BoyajianN@gtlaw.com*
REBEKAH S. GUYON (SBN 291037)
*GuyonR@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Telephone: 310-586-7700
Facsimile: 310-586-7800

Attorneys for Defendant Retreaver, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ACQUISITION MANAGEMENT, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> RETREAVER, INC., and DOES 1-5, inclusive, <br><br> Defendants. | CASE NO.: 2:19-cv-06814-DSF-KS <br><br> **AMENDED DECLARATION OF NINA D. BOYAJIAN IN SUPPORT OF DEFENDANT RETREAVER, INC.'S MOTION FOR AWARD OF JUST COSTS PURSUANT TO 28 U.S.C. § 1919** <br><br> [*Amended Notice of Motion and Motion; Memorandum of Points and Authorities; Amended Proposed Order filed concurrently*] <br><br> Hon. Dale S. Fischer <br><br> Action Filed: August 6, 2019 |

## **DECLARATION OF NINA D. BOYAJIAN**

I, Nina D. Boyajian, declare and state:

1.  I am a shareholder with the law firm of Greenberg Traurig, LLP, counsel of record for Defendant Retreaver, Inc. I am licensed to practice law in the State of California and before this Court. I have personal knowledge of the facts set forth in this Declaration and, if called and sworn as a witness, I could and would testify competently with respect thereto. I submit this Declaration in support of Defendant Retreaver, Inc.'s Motion for Award of Just Costs Pursuant to 28 U.S.C. § 1919 ("Motion").

2.  Retreaver incurred a total of $7,760.17 in costs in preparing and maintaining its lack of personal jurisdiction defense to Plaintiff Acquisition Management, Inc.'s ("Acquisition") claims. Attached hereto as **Exhibit 1** is a breakdown of the itemized costs that Retreaver is seeking to recover in this Motion that I caused to be prepared based on records that I am primarily responsible for and which are maintained by Greenberg Traurig, LLP's Los Angeles office in the ordinary course of business. I have caused certain sensitive information to be redacted from Exhibit 1, including Greenberg Traurig's internal client/matter number assigned to Retreaver for this case, and direct personal phone numbers related to the public records searches conducted for Retreaver, described below.

3.  Retreaver incurred $52.00 in service fees in connection with preparing its defense for lack of personal jurisdiction. This included the cost of delivering chambers copies of Retreaver's Motion to Dismiss (ECF No. 26) and Stipulated Protective Order, notices of appearances, and Retreaver's corporate disclosure statement (ECF Nos. 16-18) to the Court's chambers. The Stipulated Protective Order was necessary for Retreaver's personal jurisdiction defense because only after the Stipulated Protective Order was entered could I disclose confidential business information to counsel for Acquisition that I hoped, at the time, might have resolved this case without the need for motion practice, including on personal jurisdiction grounds. Attached hereto as **Exhibit 2** is a true and

1

correct copy of the invoices from First Legal Network, LLC that reflect these service fees incurred by Retreaver.

4. Retreaver incurred $340.60 in costs for public records searches preparing its defense for lack of personal jurisdiction. These searches were conducted through several vendors, including LexisNexis, Accurint, and TransUnion Risk and Alternative Data Solutions, Inc. These public records searches were essential to Retreaver's defense for lack of personal jurisdiction. Specifically, Retreaver's public records searches included research into the address out of which Acquisition claimed Retreaver operated in California and retrieving Retreaver's corporate formation documents (which were prepared by Retreaver's former counsel and not within Retreaver's actual possession), which was necessary for Retreaver to refute Acquisition's claim that Retreaver ever operated within California. Retreaver also searched public records for Oscar Maglio and HPJ Holdings, Inc., which Acquisition claimed were in California, and which formed the primary basis for Acquisition to claim that personal jurisdiction over Retreaver existed. Ultimately, Retreaver submitted the results of these public records searches to the Court in its Request for Judicial Notice, ECF No. 27, upon which its Motion to Dismiss was based, both of which were granted by the Court, which shows that these costs were necessarily incurred in preparing Retreaver's personal jurisdiction defense. Attached hereto as **Exhibit 3** are true and correct copies of the invoices from the vendors that Retreaver used for the public records searches described in this paragraph. Certain financially sensitive information, such as Employer ID numbers, and information pertaining to clients other than Retreaver, has been redacted. The public records searches that Greenberg Traurig's research department ran through LexisNexis on August 29, 2019 and November 21, 2019 were line item costs to Greenberg Traurig from LexisNexis, and are not reflected on any invoices to the firm. This process is further explained in paragraph 8, below.

5. I provided a courtesy discount to Retreaver on some of the public records searches that Greenberg Traurig performed for this case, which resulted in $71.04 in public records search costs being written off Greenberg Traurig's invoices to Retreaver.

6. Retreaver incurred a total of $1,998.75 in private investigator fees preparing its defense for lack of personal jurisdiction. These fees included payment for an investigation into Acquisition's ties to San Diego, which Retreaver commissioned because it suspected that Acquisition was attempting to artificially create a link between Retreaver and San Diego. The private investigator searched broadly into Oscar Maglio's possible whereabouts and HPJ Holdings' possible location worldwide. It was necessary for Retreaver to use a private investigator to confirm Mr. Maglio's alleged whereabouts because counsel for Acquisition did not provide counsel for Retreaver, whether as part of the Local Rule 7-3 meet and confer process or otherwise, any evidence authenticated by Mr. Maglio that confirmed Acquisition's claims that he and HPJ Holdings were located within California. Because Retreaver does business worldwide, we used the private investigator to confirm that there was not any HPJ Holdings at any location outside of the United States (which a public records search will not show) that could be tied to Acquisition's claims in the First Amended Complaint. Attached hereto as **Exhibit 4** is a true and correct copy of the invoice received from Retreaver's private investigator, Charles Griffin Intelligence, Inc., that show the costs Retreaver incurred described in this paragraph. I have caused portions of Exhibit 4 to be redacted that show the private investigator's fees for researching matters that were not ultimately part of Retreaver's defense for lack of personal jurisdiction.

7. Retreaver incurred $5,398.83 in electronic legal research costs preparing its defense for lack of personal jurisdiction. Greenberg Traurig normally bills its clients for electronic legal research costs. Greenberg Traurig does not have a subscription with either Westlaw or LexisNexis pursuant to which it pays one monthly fee in exchange for unlimited document and search capabilities. In this case, the legal research into Retreaver's personal jurisdiction defense was primarily conducted by Rebekah Guyon, an associate with Greenberg Traurig and counsel for Retreaver in this case. Ms. Guyon was also responsible for legal research into Retreaver's defenses on the merits to Acquisition's claims, but those research costs are not included in the costs sought by this Motion. To

account for this other research, I have reduced the amount of legal research costs associated with Ms. Guyon's research by 50% before Acquisition's First Amended Complaint was filed, because I estimate that at least half of Ms. Guyon's electronic legal research was spent developing case law to support Retreaver's defense for lack of personal jurisdiction before that date. When Acquisition filed its First Amended Complaint on November 11, 2019, we realized that we needed to devote more resources to Retreaver's personal jurisdiction defense because Acquisition added the theory that Retreaver had solicited a "California Entity" in support of its jurisdiction claim. Ms. Guyon also developed research into Retreaver's defense on the merits to Acquisition's defamation claim after Acquisition filed the First Amended Complaint, but from my role overseeing Retreaver's legal defense in this case, I know that Ms. Guyon spent significantly more time developing case law to support Retreaver's defense for lack of personal jurisdiction than she spent developing Retreaver's defense on the merits to Acquisition's defamation claim. For this reason, I have discounted the amount of legal research costs associated with Ms. Guyon's research by 33% after the First Amended Complaint was filed. Another associate with Greenberg Traurig, Kristin McCarthy, assisted with Retreaver's legal research in support of its personal jurisdiction defense as well, and I also personally conducted research into Retreaver's personal jurisdiction defense. Retreaver is not requesting an award of any legal research costs incurred preparing its Motion to Strike, ECF No. 28, which neither Ms. Guyon nor Ms. McCarthy prepared.

8. Greenberg Traurig is billed on a monthly basis by both Westlaw and LexisNexis for the costs of electronic legal research that Greenberg Traurig incurs on behalf of its clients. The monthly invoices show only lump sum amounts, and are not allocated by client, date, or substance of research performed. Therefore, to generate an accounting of the amounts owed by each Greenberg Traurig client, Greenberg Traurig pulls specific cost information directly from Westlaw's and LexisNexis's websites, respectively, which are reflected as line items maintained by Greenberg Traurig's

accounting department. The line items for the electronic legal research costs that Retreaver is seeking to recover in the Motion, with the discounts applied as discussed in paragraph 7, are shown in Exhibit 1.

9. I provided a courtesy discount to Retreaver on some of the electronic legal research costs performed in its defense, which resulted in $4,891.11 in electronic legal research costs being written off Greenberg Traurig's invoices to Retreaver.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed February 20, 2020 at Los Angeles, California.

                         */s/ Nina D. Boyajian*
                          NINA D. BOYAJIAN