MARC E. HANKIN (SBN: 170505)
E-Mail: Marc@HankinPatentLaw.com
ANOOJ PATEL (SBN: 300297)
E-Mail: Anooj@HankinPatentLaw.com
**HANKIN PATENT LAW,**
A Professional Corporation
12400 Wilshire Boulevard, Suite 1265
Los Angeles, CA 90025
Telephone: (310) 979-3600
Facsimile: (310) 979-3603

Attorneys for Plaintiff,
**ACQUISITION MANAGEMENT, INC.**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACQUISITION MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> RETREAVER, INC., and DOES 1-5, inclusive, <br><br> Defendants. | CASE No. 2:19-cv-06814-DSF-KS <br><br> **PLAINTIFF ACQUISITION MANAGEMENT, INC.'S OPPOSITION TO DEFENDANT RETREAVER, INC.'S AMENDED MOTION TO TAX COSTS** <br><br> Hon. Dale S. Fischer <br> Courtroom: 7D <br> Hearing Date: March 23, 2020 <br> Hearing Time: 1:30 PM |

Plaintiff Acquisition Management, Inc. (hereinafter "Acquisition" or "Plaintiff") hereby submits its Opposition to Defendant Retreaver, Inc.'s ("Retreaver" or "Defendant") Amended Motion to Tax Costs pursuant to this Court's order dated January 22, 2020 [DKT35].

I. <u>**ARGUMENT**</u>

While pursuant to this Court's order, Acquisition is willing to pay the "just costs" incurred by Retreaver, it seems unjust that Acquisition pay to Retreaver any

1    costs that were not actually billed to Retreaver by its Counsel.

2        First, Retreaver seeks an award of $340.60 for "Public Records Searches".
3    However, Retreaver admits that Counsel for Retreaver "wrote off" $71.04 as a
4    courtesy discount. *See* Retreaver's Amended Motion, Pg. 2, fn. 1. Acquisition argues
5    that this cost of $71.04 which was not actually billed to Retreaver should not be
6    awarded as it would not be just to do so.

7        The amounts at issue in Retreaver's Amended Motion to Tax Costs are
8    relatively minor, with the noticeable exception of "Legal Research". Acquisition
9    argues that it has incurred $5,398.83 in electronic legal research costs related to its
10   defense related to personal jurisdiction. Retreaver's Amended Motion, Pg. 4, ln. 7-
11   10. Based on the evidence presented, Acquisition disputes this amount.

12       Curiously, Retreaver does not specifically allege or argue what the costs
13   associated with its electronic legal research actually were. Counsel for Retreaver
14   states that they "normally bill [their] clients for electronic legal research costs", but
15   does not state that Retreaver was billed for any electronic legal research conducted
16   on behalf thereof. See Decl. N. Boyajian ¶7. Retreaver admits that it does not
17   actually have specifics as to how much was billed to Retreaver by electronic legal
18   research companies and does not explain under what basis it arrived at $5,398.83 in
19   electronic legal research costs. Additionally, Counsel for Retreaver "wrote off"
20   $4,891.11 of the total $5,398.83 in electronic legal research costs alleged. See
21   Retreaver's Amended Motion, Pg. 4, fn. 3.

22       Retreaver cites *Operating Engineers Health & Welfare Trust Fund for N. Cal.*
23   *v. CEM Builders, Inc.*, 2018 U.S. Dist Lexis 58596 to argue that it should receive the
24   full costs it allegedly incurred. However, *Operating Engineers* argues that costs may
25   be just in light of the effort expended. In that case, Plaintiffs were awarded
26   $880,042.80 in damages, $58,259.90 in attorneys' fees, and $7,720.21 in costs after
27   276.6 hours of work. Clearly a relatively simple personal jurisdiction issue, as argued
28   here, would not rise to this level of complexity.

Based on the fact that 28 U.S.C. §1919 provides only for "just" costs, and the fact that it appears likely that Retreaver was not billed for certain electronic legal research and public records searches, Acquisition objects to Retreaver's request to be paid costs relating to electronic legal research and that which it was not actually billed.

## II. CONCLUSION

Acquisition respectfully requests that this Honorable Court refuse to award those costs allegedly incurred by Retreaver that were not actually billed to Retreaver. Namely, Retreaver requested a total of $7,790.17, of which, $4,962.15 was "written off", such that Retreaver's alleged costs were only $2,828.02.

Acquisition also requests that from this $2,828.02 actually billed to Retreaver, the $507.72 that constitutes electronic legal research, also not be awarded because Retreaver fails to provide any specifics as to what these costs actually included, such that the total award of costs is $2,320.30.

Dated: February 25, 2020
_____

Respectfully submitted,
**HANKIN PATENT LAW, APC**
*/Marc E. Hankin/*
Marc E. Hankin, Esq.
Attorneys for Plaintiff,
**Acquisition Management, Inc.**