GREENBERG TRAURIG, LLP
NINA D. BOYAJIAN (SBN 246415)
*BoyajianN@gtlaw.com*
REBEKAH S. GUYON (SBN 291037)
*GuyonR@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Telephone: 310-586-7700
Facsimile: 310-586-7800

Attorneys for Defendant Retreaver, Inc.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| ACQUISITION MANAGEMENT, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RETREAVER, INC., and DOES 1-5, inclusive, <br><br> Defendants. | CASE NO.: 2:19-cv-06814-DSF-KS <br><br> **DEFENDANT RETREAVER, INC.'S REPLY IN SUPPORT OF AMENDED MOTION FOR AWARD OF JUST COSTS PURSUANT TO 28 U.S.C. § 1919** <br><br> Hon. Dale S. Fischer <br><br> Action Filed:  August 6, 2019 <br> FAC Filed:     November 11, 2019 |

# REPLY MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff Acquisition Management, Inc. ("Acquisition") does not oppose the Court's award of $2,320.30 in just costs to Defendant Retreaver, Inc. ("Retreaver"). This amount, at a minimum, should be awarded. But the Court should award Retreaver the full amount of costs that it reasonably and necessarily incurred in preparing its personal jurisdiction defense—$7,790.18. Acquisition's objections to that amount on the grounds that Retreaver's costs were either disproportional to the case or not adequately supported should be rejected out of hand because Retreaver provided detailed descriptions of the reasons that it was required to incur $340.60 in public records searches and $5,398.82 in legal research costs, and the cost award that Retreaver seeks is less than that which courts have awarded as "just" costs in *less* complex cases. For these reasons, Retreaver respectfully requests an award of $7,790.18 in just costs, reasonably and necessarily incurred in preparing its personal jurisdiction defense.

## II.   ARGUMENT

Acquisition does not dispute Retreaver's request for an award of: (1) $52.00 in service fees; (2) $1,998.75 for private investigator's fees; (3) $269.56 for public records searches; and (4) $507.73 in legal research fees, for a total award of $2,320.30 in just costs under 28 U.S.C. § 1919. *See* Opp. at 3-4. The Court should, therefore, award at least this amount.

But it is also just to award Retreaver the fees that it actually incurred for public records searches and legal research fees, even if counsel for Retreaver did not charge them to its client. Section 1919 places no limits on the Court's discretion to award any costs that it deems "just," and the $71.04 in public records searches and $4,962.15 in legal research costs that counsel for Retreaver wrote off as a courtesy discount were necessarily incurred in the preparation of Retreaver's personal jurisdiction defense. *Otay Land Co. v. United Enters. Ltd.*, 672 F.3d 1152, 1160, n.5 (9th Cir. 2012).

Acquisition's contention that the legal research costs incurred by Retreaver are disproportional to the needs is actually contradicted by the only authority it cites—*Operating Engineers Health & Welfare Tr. Fund for N. California v. CEM Builders, Inc.*, 17-CV-03524-EDL, 2018 WL 1664691, at *11 (N.D. Cal. Jan. 26, 2018), *report and recommendation adopted*, 17-CV-03524-JD, 2018 WL 1626688 (N.D. Cal. Apr. 4, 2018). In *Operating Engineers*, the court awarded $7,720.21 in costs following the entry of a default judgment—in other words, no contested motion involving disputed legal issues was on file or briefed. Retreaver seeks a comparable amount here ($7,790.17) following the briefing of its *contested* motion to dismiss for lack of personal jurisdiction. Accordingly, just as the court awarded $7,720.21 in costs for a "filing fee," "messenger services," "service of the summons and Complaint and amended summons and Amended Complaint," a "private investigator[]," and "legal research fees" in *Operating Engineers*, Retreaver's request for an award of $7,790.17 for comparable services following the preparation of two briefs in support of its contested personal jurisdiction defense is reasonable and just.

Finally, Acquisition's argument that Retreaver failed to specify what its legal research costs "actually were" is also unfounded. Opp. at 2. Retreaver provided a detailed declaration and exhibits showing the exact amount of legal research costs incurred in the preparation of its personal jurisdiction defense on a daily basis from the beginning of this case. *See* Boyajian Decl. in Support of Retreaver's Motion for Award of Just Costs ¶¶ 7-8, Ex. 1 (Feb. 20, 2020), ECF No. 40-1 ("Boyajian Decl.").

### III.   CONCLUSION

For the foregoing reasons, Retreaver respectfully requests that the Court award it $7,790.17 in just costs, reasonably and necessarily incurred in support of its defense to

2

ACTIVE49371975

Acquisition's claims for lack of personal jurisdiction.

Dated: March 9, 2020          Respectfully submitted,

GREENBERG TRAURIG, LLP


By: */s/ Nina D. Boyajian*
    Nina D. Boyajian
    Rebekah S. Guyon
    Attorneys for Defendant Retreaver, Inc.

ACTIVE49371975