# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACQUISITION MANAGEMENT, INC., <br>     Plaintiff, <br><br>     v. <br><br> RETREAVER, INC., et al., <br>     Defendants. | CV 19-06814 DSF (KSx) <br><br> Order GRANTING in part Defendant's Motion for Just Costs (Dkt. 40) |

     Defendant Retreaver, Inc. moves for "just costs" pursuant to 28 U.S.C. § 1919. Dkt. 40 (Mot.). Plaintiff Acquisition Management, Inc. opposes some of the requested costs. Dkt. 41 (Opp'n). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

     On January 22, 2020, the Court granted Defendant's motion to dismiss for lack of personal jurisdiction, Dkt. 34, and entered judgment authorizing Defendant to recover just costs in accordance with 28 U.S.C. § 1919, Dkt. 35. Defendant now seeks to recover $7,790.17 in costs, consisting of service costs, public record searches, private investigator fees, and legal research costs. Plaintiff does not dispute the service costs or the private investigator fees but does challenge part of the public record search fees and legal research costs.

     First, Plaintiff contends that it should not have to pay any costs that were not actually billed to Defendant. Opp'n at 1-2. Of the $340.60 Defendant spent on public record searches, Defendant's

counsel provided a "courtesy discount that resulted in counsel for [Defendant] writing off $71.04." Mot. at 2 n.1. And of the $5,398.83 in legal research costs, Defendant's counsel "provided . . . a courtesy discount that resulted in counsel for [Defendant] writing off $4,891.11 of the legal research costs." Id. at 4 n.3. Defendant notes that although these amounts were not billed to the client, the attorneys did incur them and therefore the Court is permitted to award them. Id. at 2 n.1, 4 n.3; Dkt. 40-1 (Boyajian Decl.) ¶¶ 4-5, 7-9. However, costs are not "presumed just solely because they were necessarily incurred." Otay Land Co. v. United Enterprises Ltd., 672 F.3d 1152, 1157 (9th Cir. 2012). There is a benefit both to the client and to counsel (in the form of goodwill) in providing a courtesy discount and it is a common practice. Whether "just costs" are meant to compensate the client or the attorney is an interesting question the parties have not addressed. The Court concludes it would not be "fair and equitable under the totality of the circumstances" to award costs that were not billed to Defendant. Id. The Court deducts $4,962.15 in costs written-off by counsel.

Second, Plaintiff challenges the amount of electronic legal research costs sought because Defendant failed to explain "what the costs associated with its electronic legal research actually were," "state that [Defendant] was billed for any electronic legal research conducted on behalf thereof," provide "specifics as to how much was billed to [Defendant] by electronic legal research companies," or "explain under what basis it arrived at $5,398.83 in electronic legal research costs." Opp'n at 2. This is incorrect. Defendant has explained that these costs are for legal research on Westlaw and LexisNexis, that counsel pays for those services based on research activity and not a monthly fee, that counsel normally bills its clients for electronic legal research costs and at least some charges for legal research were included on invoices to Defendant, how Defendant determined which research costs were incurred in preparing its personal jurisdiction defense, and has provided an itemized bill identifying the date, database, amount, and attorney who conducted the research. Boyajian Decl. ¶¶ 7-9; Dkt. 40-2 (Boyajian Decl. Exs.) at Ex. 1. Because Plaintiff makes no other

2

argument, the Court finds that it would be fair and equitable to award $507.72 in legal research fees.

The Court GRANTS in part Defendant's motion for costs and awards $52 in service costs, $269.56 in record search costs, $1,998.75 in private investigator fees, and $507.72 in legal research costs, totaling $2,828.03.

IT IS SO ORDERED.


DATED:  May 18, 2020

_____
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE